## NELLIE RALPH JOHNSON v.
## MAYWOOD N. SANDERS, Executor of Claude Ralph Estate.

(Filed 9 October 1963.)

**1. Executors and Administrators § 24c—**

There is no presumption that personal services rendered by an adult daughter to her father are gratutious when such services are rendered after the daughter has married and left her father's house and estabished a home of her own.

**2. Executors and Administrators § 24a; Quasi-Contracts § 1—**

As a general rule, if one performs personal services for another which are knowingly and voluntarily accepted, and nothing else appears, the law will imply a promise on the part of the recipient to pay the reasonable value of the services rendered; nevertheless, the burden remains upon the person rendering such services to show circumstances from which it may be inferred that the services were rendered and received with the mutual understanding that they were to be paid for.

**3. Executors and Administrators § 24b—**

While a cause of action to recover the reasonable value of personal services rendered in reliance upon oral contract to devise does not accrue until the recipient of the services dies without having made the agreed testamentary provision, the mere fact that services were rendered under circumstances from which a mutual understanding that they were to be paid for may be inferred does not imply a promise to pay at death or by will, and in the absence of a contract to pay by testamentary provision the services rendered more than three years prior to the death of the recipient are barred by the statute of limitations.

**4. Same—**

Testimony that the recipient of personal services stated to witnesses that the person rendering the services had been good to him and that he wanted her to have the house in which she lived because she deserved it, and that he said in the presence of the person rendering the services and her husband that he was going to leave the realty to her because they had been so good to him, while competent to be considered with other facts and circumstances upon the question of whether payment was intended on the one hand and expected on the other, is insufficient to establish a definite contract to pay for the services by testamentary disposition.

**5. Executors and Administrators § 24d—**

The failure of proof of the definite value of personal services rendered a decedent does not justify nonsuit in an action against the estate if the evidence is sufficient to establish implied assumpsit, since in such instance nominal damages are recoverable at least, notwithstanding that plaintiff must prove the value of the services rendered in order to be entitled to recover more.

Appeal by plaintiff from *Peel, J.*, May Session 1963 of Pasquotank.

Civil action to recover for personal services rendered a decedent.

Plaintiff is the daughter of Claude Ralph who died testate on July 12, 1962. On October 26, 1962, she instituted this action against his executor to recover for services which she allegedly rendered her father from 1945 until April 1962 upon his promise to "compensate her therefor by devising or bequeathing property to her."

Plaintiff's evidence tended to show the following facts:

For twenty years prior to his death she lived next door to her father in a six-room house which he owned and leased to her husband. For the first ten years the rent was twenty dollars a month. Thereafter, a filling station was built on a part of the property and Mr. Ralph reduced the rental to fifteen dollars. At the time of his death this house had a market value of between six and eight thousand dollars. Shortly after his wife died in 1945, Mr. Ralph suffered a stroke which affected his right side. From 1945 until about three months prior to his death plaintiff did her father's laundry, cared for his clothing, and frequently cooked his meals. During 1949 and 1950 he lived in the house with plaintiff and her husband. In 1951 and 1952 he resided in his home but took his meals with them for a period of about six months in each year. Mr. Ralph never paid plaintiff or her husband for any of these services.

Plaintiff's evidence further tended to show that at various times from 1945 through 1961, Mr. Ralph had commented to the plaintiff's witnesses that she was better to him than any of his other children and he looked to her; that he did not mind asking her to do anything for him; that she had never asked him for a penny since she left home; and that he wanted her to have the house in which she lived because she deserved it. At least one of the witnesses informed plaintiff of these statements at sometime within the three years prior to her father's death. In 1950 Mr. Ralph said, in the presence of plaintiff and her husband, that he was going to leave her the place where she was living because they had been so good to him. In response to this plaintiff said: "That's all right, daddy." In August 1960 Mr. Ralph told plaintiff's mother-in-law that if he ever got well enough to go uptown he was going to have a will made and he wanted to give plaintiff the house because of what she had done for him. In his will (date undisclosed) Mr. Ralph made no provision whatever for the plaintiff. The only evidence of the value of plaintiff's services was the testimony of her husband that from 1945 until her father's death in July 1962, the services were worth six thousand dollars.

Defendant's evidence tended to show that plaintiff did very little for her father and that he had paid her for what she did. At the close

of all the evidence, defendant's motion for judgment of nonsuit was allowed and plaintiff appealed.

*John H. Hall for plaintiff appellant.*
*Worth & Horner for defendant appellee.*

SHARP J. The plaintiff in this case is an adult daughter who married, left her father's house and established a home of her own. Therefore, no presumption arises that any services she rendered to her father were gratuitous. 2 Strong, N. C. Index, Executors and Administrators, § 24c. p. 337. Plaintiff comes within the general rule that if one performs services for another which are knowingly and voluntarily accepted, nothing else appearing, the law implies a promise on the part of the recipient to pay the reasonable value of the services. *Winkler v. Killian,* 141 N.C. 575, 54 S.E. 540; *Landreth v. Morris,* 214 N.C. 619, 200 S.E. 378; *Coley v. Dalrymple,* 225 N.C. 67, 33 S.E. 2d 477. However, services rendered gratuitously to one during his lifetime may not be converted into a debt after his death. *Nesbitt v. Donoho,* 198 N.C. 147, 150 S.E. 875. The burden always rests upon the plaintiff, even when there is no presumption that the services were gratuitous, to show circumstances from which it might be inferred that services were rendered and received with the mutual understanding that they were to be paid for, or, as it is sometimes put, "under circumstances calculated to put a reasonable person on notice that the services are not gratuitous." *Lindley v. Frazier,* 231 N.C. 44, 55 S.E. 2d 815; *Twiford v. Waterfield,* 240 N.C. 582, 83 S.E. 2d 548.

Whether plaintiff rendered services to her father with no expectation of being paid therefor or under an implied promise of compensation is a question of fact. Clearly she was entitled to have the jury pass upon her claim for services rendered during the three years immediately preceding his death. *Hodge v. Perry,* 255 N.C. 695, 122 S.E. 2d 677.

Plaintiff seeks, however, to recover for services rendered over a period of seventeen years upon the allegation that decedent breached his agreement to compensate her in his will. *Stewart v. Wyrick,* 228 N.C. 429, 45 S.E. 2d 764. When compensation is to be provided in the will of the recipient, the cause of action accrues when he dies without having made the agreed testamentary provision. *Doub v. Hauser,* 256 N.C. 331, 123 S.E. 2d 821. Nevertheless, as pointed out by *Rodman, J.,* in *McCraw v. Llewellyn,* 256 N.C. 213, 123 S.E. 2d 575, the promise which the law implies on the part of the recipient to pay for services knowingly and voluntarily received, is not expanded to

imply a promise to pay at death and by will. "If the time for payment is to be extended to the death of the recipient of the services, there must be an agreement to that effect." Plaintiff's evidence in this case fails to establish such an agreement.

The statements by Mr. Ralph, expressing his gratitude for what plaintiff had done for him and a purpose to leave her the house in which she resided, constituted neither an express promise on his part to pay for such services nor were they an unqualified acknowledgment of indebtedness to her. *Dodson v. McAdams,* 96 N.C. 149, 2 S.E. 453; *Lindley v. Frazier, supra.* A *fortiori,* they were not a promise to pay at death or by will. A mere expression of appreciation is insufficient to establish a contract. Such statements show Mr. Ralph's kindly disposition toward his daughter, but they fail to establish a promise to reimburse her in his will for services she might thereafter render him. They were competent for the jury to consider, along with all the other facts and circumstances, upon the question whether payment was intended on the one hand and expected on the other.

A contract, whether express or implied, requires mutuality of agreement and obligation to be enforceable. "(F)rustrated expectations of a bounty, not the offspring of agreement," will not change a partially barred claim into one wholly outside the three-year statute of limitations. *Miller v. Lash,* 85 N.C. 51.

The expressions of Mr. Ralph are parallel to those made by the decedent with reference to the plaintiff's services in *Brown v. Williams,* 196 N.C. 247, 145 S.E. 233. There, although the expressions were never made to the plaintiff, it was held that the evidence was sufficient to go to the jury on the question of *quantum meruit* for the three years prior to the death of the recipient but not sufficient to show an express contract to make testamentary provision for the plaintiff.

According to the plaintiff's evidence, when she learned that her father intended to leave her the house, she had already rendered five of the total seventeen years of service for which she now seeks compensation. Her only reply when he stated this intention was, "That's all right, daddy." This exchange between plaintiff and her father is as consistent with gratuitous service on her part as it is with an expectation of payment. Yet, it is some evidence to support her claim that she expected to be paid for her services thereafter.

Plaintiff's failure to establish an express contract, however, will not defeat her right to prosecute her claim for services rendered during the three years preceding her father's death. *Cline v. Cline,* 258 N.C. 295, 128 S.E. 2d 401; *Grady v. Faison,* 224 N.C. 567, 31 S.E. 2d 760; *Coley v. Dalrymple, supra.*

Defendant's contention that the nonsuit was justified by plaintiff's failure to offer evidence as to the reasonable value of her services during the three years immediately prior to Mr. Ralph's death is untenable. True, her proof related only to the total value of the services allegedly rendered during the seventeen years of her claim. However, as stated by *Bobbitt, J.,* in *Gales v. Smith,* 249 N.C. 263, 106 S.E. 2d 164, implied assumpsit is the basis for any recovery on *quantum meruit.* Upon the breach of such a contract a plaintiff would be entitled to nominal damages at least. To recover more, plaintiff must prove the value of the services rendered. The jury is required to base its verdict on evidence; it may not speculate. *Cline v. Cline, supra.*

The evidence in this case should be submitted to the jury on the issue of *quantum meruit* for the three years prior to the death of defendant's testate.

The judgment of involuntary nonsuit is
Reversed.