A highway patrolman made an investigation 45 minutes after the collision occurred. He testified to the location of the vehicles and the apparent condition of the occupants. He talked with the drivers at the scene of the wreck. He was asked to relate his conversation with the driver of the Chevrolet. Over the administrator's objection, the witness was permitted to testify. He quoted Forte as saying: "I was following another car. * * * there was a lot of dust * * * I pulled to the left side of the road to get out of the dust and we had a wreck, collided, the vehicles collided."

Defendant administrator assigns the admission of this testimony as error. He relies on *Holmes v. Wharton,* 194 N.C. 470, 146 S.E. 93; and *Dowell v. Raleigh,* 173 N.C. 197, 91 S.E. 849.

The rule announced in those cases is not applicable to the facts of this case. Forte's statement to the highway patrolman was competent as a declaration against his interest. *Smith v. Perdue,* 258 N.C. 686, 129 S.E. 2d 293; *Smith v. Moore,* 142 N.C. 277, 55 S.E. 275.

When all of the evidence, rather than the testimony of a single witness is considered, it is sufficient to permit a finding that the driver of the Chevrolet was negligent, and his negligence was a proximate cause of plaintiff's injuries.

On Goodwin's appeal: No error.

On Forte's appeal: No error.

---

WILLIE MAE GIBBS v. LILLIAN JONES, ADMINISTRATRIX OF THE ESTATE OF PENNIE EDWARDS, DECEASED.

(Filed 8 April, 1964.)

**Executors and Administrators § 24a—**

In this action to recover for personal services rendered decedent the evidence *is held* sufficient to be submitted to the jury under authority of *Johnson v. Sanders,* 260 N.C. 291.

APPEAL by plaintiff from *Cowper, J.,* October Civil Session of GREENE.

Civil action to recover for personal services rendered a decedent. Plaintiff was the illegitimate daughter of Joe Edwards. When she was less than a year old her mother "gave her" to Joe and his wife, Pennie Edwards, the defendant's intestate. Joe and Pennie never had any children and they reared plaintiff as if she were their own. After her marriage in 1954, plaintiff and her husband lived intermittently with Joe and Pennie. In the fall of 1956 they moved into a house owned by Joe just across the highway from his residence. Joe died on May 7, 1958.

The small farm which he and Pennie had owned as tenants by the entireties then became hers by survivorship. Pennie died on January 8, 1960 at the age of fifty-four.

Plaintiff alleged that for five years prior to the death of Pennie Edwards she rendered valuable services both to Pennie and Joe upon their promise to will all of their real and personal property to her and her infant son; that each failed to execute a will; and that she is entitled to compensation in the principal sum of $7,480.00 from the estate of Pennie Edwards.

On the trial, plaintiff sought to recover only for services rendered Pennie after the death of Joe. Her evidence tended to establish the following facts: Plaintiff performed services for Pennie before and after the death of Joe. On numerous occasions after his death, Pennie told plaintiff in the presence of others that she wanted her to have the house and lot on which she was then living and that she wanted plaintiff's son to have another house. After Joe died, Pennie usually came across the road to have breakfast with plaintiff who, as soon as she had finished her own, would go over and do Pennie's housework. Each day plaintiff cooked, cleaned, washed and ironed for Pennie, fed her pigs, and chased them when they got out. On clear days, she swept her yard. She also worked for her in the field and in the garden and "pulled wood out of the woods to cook with." The services which plaintiff rendered to Pennie Edwards after the death of Joe were reasonably worth fifteen to twenty dollars a week. Pennie's nearest relatives were brothers and sisters whom she seldom, if ever, saw.

At the close of plaintiff's evidence, defendant's motion for nonsuit was allowed. From a judgment dismissing the action plaintiff appealed.

*Fred W. Harrison for plaintiff appellant.*
*Walter G. Sheppard for defendant appellee.*

PER CURIAM. Plaintiff's evidence, viewed in the light most favorable to her, was sufficient to take this case to the jury under the rules set out in *Johnson v. Sanders,* 260 N.C. 291, 132 S.E. 2d 620.

Reversed.