Duffell v. Weeks

For the reasons stated defendant is awarded a

New trial.

Judges BRITT and HEDRICK concur.

EMILY W. DUFFELL v. DANFORD A. WEEKS, EXECUTOR OF THE ESTATE OF MAMIE BARNES WEEKS

No. 726DC436

(Filed 2 August 1972)

1. Executors and Administrators § 24— sufficiency of complaint to allege quantum meruit

Plaintiff's complaint was sufficient to allege a cause of action in *quantum meruit* where it alleged (1) an agreement that plaintiff would render services to defendant's testate at a time when said testate was incompetent; (2) an understanding that plaintiff was to be paid for such services; (3) that the services were performed and were reasonably worth $3819.03; (4) that demand for payment had been made and refused; and (5) that plaintiff was due the amount of $3818.55.

2. Executors and Administrators § 24— quantum meruit — amount of payment for agreed services not specified

Where there is an express agreement to pay for services rendered, but the amount is not specified, the person performing the services is entitled to recover on the theory of *quantum meruit*.

PETITION for *certiorari* was allowed in lieu of an appeal by plaintiff from *Gay, District Judge*, at the November 29, 1971 Session of HALIFAX County District Court.

Plaintiff instituted this action to recover for personal services rendered and funds expended for defendant's testate. The complaint as amended alleged that plaintiff, at the request of defendant's testate, Mamie Barnes Weeks, and her trustees and family, rendered personal services and expended funds for the care of Mamie Barnes Weeks from December 1967 until her death. It was further alleged that plaintiff is a registered nurse and it had been understood and agreed that she would be compensated for her services and expenses incurred. An itemized statement in the total amount of $3,819.03 was shown and plaintiff filed a claim for $3,818.55 with defendant, and

it was refused. She prays for recovery in this amount in this action.

Defendant answered with three defenses: (1) That no contract was alleged nor was there an allegation of an implied contract to support *quantum meruit;* (2) That plaintiff had been paid for her services; (3) That plaintiff did file her claim with defendant, but that every other allegation is denied because they do not relate to any contract between plaintiff and defendant.

On November 22, 1971, defendant filed a motion for judgment on the pleadings. On November 29, 1971, judgment was entered dismissing the action for failure of the complaint to state a claim for relief.

From the judgment of the district court, plaintiff appealed.

*Hoyle & Hoyle by J. W. Hoyle for plaintiff appellant.*

*Claude Kitchin Josey; Dickens & Dickens by Wade H. Dickens, Jr., for defendant appellee.*

CAMPBELL, Judge.

[1]   Plaintiff assigns as error the entry of judgment on the pleadings. Plaintiff contends that the complaint stated a claim for relief with facts sufficient to put the defendant on notice of the transactions to be proved. We agree.

Plaintiff has alleged, (1) an agreement with all interested parties that she would perform certain services and incur certain expenses for defendant's testate at a time when said testate was incompetent; (2) an understanding that she was to be paid for such services and expenses; (3) that the services were performed and the expenses were incurred and were reasonably worth the sum of $3,819.03; (4) that demand for payment has been made and refused; and (5) that she is due the amount of $3,818.55. The complaint also contained a detailed statement of the amounts claimed.

[2]   It is the general rule that if one performs services for another which are knowingly and voluntarily accepted, and nothing else appears, the law implies a promise on the part of the recipient to pay the reasonable value of the services. *Johnson v. Sanders,* 260 N.C. 291, 132 S.E. 2d 582 (1963). Similarly, where there is an express agreement to pay, but the amount

is not specified, the person performing the services is entitled to recover on the theory of *quantum meruit. Beasley v. Mc-Lamb,* 247 N.C. 179, 100 S.E. 2d 387 (1957).

> "A promise to pay the reasonable value of services performed by one person for another, although there is no express agreement as to the compensation, will be implied where the circumstances warrant an inference of a promise to pay for such services, as where the conduct of the person for whom the work was done is such as to justify an understanding by the person performing the work that the former intended to pay for it. . . ." 58 Am. Jur., Work and Labor, § 3, p. 512.

Cost of materials and expenses incurred in the performance of such services is also recoverable. 98 C.J.S. Work and Labor, §§ 10 and 67.

Is the complaint sufficient to allege a cause of action in *quantum meruit?* We are of the opinion that it is. Plaintiff has adequately alleged all of the circumstances out of which this cause of action accrues. It was error to dismiss the complaint for failure to state a claim for relief.

The judgment of the trial court is

Reversed.

Chief Judge MALLARD and Judge BRITT concur.