PARKS N. AUSTIN, BOYD P. FALLS AND WALTER W. HAMEL, A PARTNER-
SHIP, TRADING AS AUSTIN, FALLS & HAMEL, CPA'S v. R. W. RAINES
ENTERPRISES, INC.

No. 7926DC823

(Filed 18 March 1980)

**Accountants § 1— fee for preparing tax return—insufficient evidence of value of services**

In an action to recover for professional services provided by plaintiff in preparing defendant's corporate income tax returns, plaintiff did not meet its burden of proving the reasonable value of its services and the trial court therefore erred in directing verdict for plaintiff where the only evidence of the value of plaintiff's services was the testimony of one partner in the firm that he "felt" $16 an hour to be a "reasonable" fee, and no independent or objective evidence of the reasonable worth of such services was offered.

APPEAL by defendant from *Brown, Judge.* Judgment entered 24 April 1979 in District Court, MECKLENBURG County. Heard. in the Court of Appeals on 6 March 1980.

In this civil action plaintiffs, certified public accountants, seek to recover $2,250.00 for professional services allegedly provided in preparing defendant's corporate income tax returns. Defendant filed answer wherein it admitted that it had employed plaintiff to prepare its tax returns, but denied that it was indebted in the amount claimed for the reason that it "did not authorize the extensive amount of work that Plaintiff contends that it has performed. . . ."

At trial plaintiff offered evidence tending to show that a member of the firm had spent approximately 139 hours between January and June of 1976 sorting through various documents and business records of defendant; reconciling the books previously kept by the defendant's bookkeeper; and preparing the return. Defendant was billed in January of 1977 at the rate of $16.00 per hour which plaintiff felt "was a fair and reasonable charge for that particular service," although plaintiff had not discussed the fee with anyone from defendant's company prior to sending the bill. The bill remains unpaid.

Defendant offered the testimony of its secretary, Marilyn Raines, and its president, R. W. Raines, who testified that they had employed the plaintiff in 1976 to do the tax return for the

corporation; that they had never agreed on a fee for the service, but plaintiff had assured them when they asked about a fee that "it wouldn't be too bad"; and that they had not paid the bill for $2,250.00 because they did not believe they owed "that much."

At the close of the evidence, plaintiff's motion for a directed verdict was allowed, and the court entered a judgment for plaintiff in the amount of $2,250.00. Defendant appealed.

*Curtis & Millsaps, by Joe T. Millsaps, for the plaintiff appellee.*

*Lindsey, Schrimpsher, Erwin, Bernhardt & Hewitt, by Lawrence W. Hewitt and John W. Beddow, for the defendant appellant.*

HEDRICK, Judge.

Defendant contends that the court erred in directing a verdict for plaintiff.

It is not disputed that the plaintiff rendered services to the defendant, the reasonable value of which the defendant is obligated to pay. The sole issue presented concerns the worth of the services, and the burden of proof on that issue rests on the plaintiff. The rule of law is settled in this State that the trial judge cannot direct a verdict for the party with the burden of proof when that party's "right to recover depends upon the credibility of his witnesses." *Cutts v. Casey*, 278 N.C. 390, 417, 180 S.E. 2d 297, 311 (1971). This is true even though the evidence be uncontradicted. *Chisholm v. Hall*, 255 N.C. 374, 121 S.E. 2d 726 (1961); *Rhinehardt v. Insurance Co.*, 254 N.C. 671, 119 S.E. 2d 614 (1961).

The only evidence of the value of plaintiff's services in this case was the testimony of one partner in the firm that he "felt" $16.00 an hour to be a "reasonable" fee. No independent or objective evidence of the reasonable value of such services was offered. Plaintiff's proof clearly depends completely upon the credibility of its witness. Although the defendant offered no evidence respecting the reasonable value of the services rendered it, it did deny that their worth as determined by the plaintiff was reasonable. Such is sufficient to raise an issue of fact as to the

reasonable value of the services, and that question is for the jury. *See Chisholm v. Hall, supra.*

It follows that the court erred in directing a verdict for the plaintiff. Accordingly, the judgment appealed from is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

Judges WEBB and WELLS concur.