F.H. HOOD T/A HOOD CONSTRUCTION COMPANY v. SAMUEL A. FAULKNER ET UX DOLLY RUTH FAULKNER

No. 794DC1115

(Filed 15 July 1980)

1. **Contracts § 27.1– construction of house – recovery for additional labor and materials – sufficiency of evidence of contract**

   In plaintiff's action to recover for additional labor and additional material which he allegedly supplied during the course of constructing a home for defendants, the trial court properly denied defendant's motion for a directed verdict where plaintiff established the existence of a contract whereby defendants were to pay him for extra work or additional materials required to be undertaken or supplied in building defendants' house; plaintiff offered plenary evidence of the nature and extent of additional work and services rendered; defendants accepted the services but refused to pay for all the additional work performed; plaintiff was therefore entitled to nominal damages at least, and the mere paucity of evidence as to the value of plaintiff's services would not entitle defendants to a directed verdict.

2. **Quasi Contracts and Restitution § 2.2– recovery for house construction – no agreement as to compensation – quantum meruit – failure to show reasonableness of charges**

Where the parties' written agreement failed to address the question of how much plaintiff would be paid for extra work he performed or additional services he rendered in the construction of defendants' house, and the parties did not otherwise agree as to the amount of compensation plaintiff would receive, plaintiff's action to recover for the extra work was based on quantum meruit, and the proper measure of his recovery was the reasonable value of the services rendered to and accepted by defendants; therefore, defendants are entitled to a new trial where the judge at no point instructed the jury that it must determine from all the evidence the reasonable worth of the additional services rendered by plaintiff and that it could award plaintiff only an amount that represented a reasonable value, and plaintiff did not offer sufficient evidence of the reasonable value of the services for which he sought to hold defendants accountable.

APPEAL by defendant from *Erwin (E. Alex), Judge.* Judgment entered 24 August 1979 in District Court, ONSLOW County. Heard in the Court of Appeals on 15 May 1980.

This is a civil action wherein plaintiff seeks to recover $2,437.54 from defendants for "additional labor" and "additional material" which plaintiff allegedly supplied during the course of constructing a home for defendants. Plaintiff alleged in a verified complaint that he had entered into a written contract with the defendant Samuel Faulkner on 3 March 1976 "to partially construct a home for the Defendants"; that the contract provided that labor and materials supplied by plaintiff which were not specified in the agreement would be at extra cost to defendants; and that plaintiff had performed additional work and furnished additional materials the "charges and costs" of which amounted to a total due plaintiff of $2,437.54.

Answering, defendants denied the essential allegations of the complaint, alleged that they had fully paid plaintiff for all work performed by him pursuant to their contract, and asserted a counterclaim for damages of $7,000. In the counterclaim, defendants alleged that the plaintiff had breached the contract by failing to fully perform so that defendants found it necessary "to employ others to furnish and complete the work, etc., agreed to be performed and furnished by the plaintiff."

At the subsequent trial before a jury, the plaintiff's evidence in summary tended to show the following:

Plaintiff is a subcontractor and has been in the business "since the late fifties." He has worked on several buildings for the defendants on prior occasions. With respect to the contract involved in this case, the written agreement called for plaintiff to do the framing and inside and outside trim on the defendants' new house; to pour the concrete garage floor and the front and rear porches; and to install at specified places "premanufactured ornamental decoration." The contract price for the enumerated services was $13,000. According to plaintiff, defendant was to pay for the work "on the basis of [$700] a week, and he was to pay for extras as they were done." At the time of trial, defendant had paid plaintiff $9,400 of the contract total.

Plaintiff testified in considerable detail concerning the work he did and the materials he furnished in addition to the work which the contract called for him to perform. He said that all the extra work was requested and authorized by defendant, and that defendant promised to pay for the extras each time they discussed the matter.

On or about 8 June 1976 plaintiff presented defendant with a bill listing the extra work he had performed and showing a total of $2,428.67, "plus ten percent, . . . for office and bookkeeping." Defendant told plaintiff he would not pay "that much." Plaintiff then "pulled off the job site," leaving the inside trim work still to be done. He told defendant he was "quitting" until he collected for the extras. Defendant has paid him nothing on the bill, although he had paid plaintiff $1,814 "for the extras that I did do prior to the time that I presented him with this bill."

Two of plaintiff's employees on the job for defendant corroborated plaintiff's testimony concerning the extra work that was performed.

Defendant testified that he is a building contractor and has been in the business 15 to 20 years. He admitted that he had agreed to pay plaintiff extra for work he performed in addition

to that called for in the contract and said that he had paid plaintiff for several extra things. However, with respect to the extra work listed on the bill at issue in this lawsuit, he denied approving everything listed, testified that some of the extra work for which plaintiff was attempting to charge him was in reality work necessary to correct plaintiff's mistakes, and stated that he and plaintiff had never discussed or agreed on the price of the extras claimed on the bill. In defendant's opinion, plaintiff had "overcharged" and had submitted a "dishonest bill." After plaintiff quit the job, defendant had to hire another man to finish the work called for in the written contract.

At the conclusion of the evidence, the judge submitted the following issues to the jury which were answered by it as indicated:

1. Was there an agreement that the plaintiff, F.H. Hood, would receive compensation for the materials and services furnished to the defendant, Samuel A. Faulkner?

ANSWER: YES.

2. Did the defendant, Samuel A. Faulkner breach the agreement or contract with the plaintiff, F.H. Hood?

ANSWER: YES.

3. [W]hat amount of damages, if any, has the plaintiff, F.H. Hood, sustained?

ANSWER: $2,437.54.

4. Did the plaintiff, F.H. Hood, fail to substantially perform his obligations arising out of the agreement or contract?

ANSWER: No.

From judgment entered on the verdict, defendant appealed.

*Gaylor & Edwards, by Jimmy F. Gaylor, for the plaintiff appellee.*

*Turner & Harrison, by Fred W. Harrison, for the defendant appellant.*

HEDRICK, Judge.

[1] Initially, defendant contends that the court erred in refusing to grant his motion for a directed verdict. He argues that there was no "proper evidence" from which the jury could determine damages since there was no evidence as to the value of the services rendered by plaintiff other than his bill. We disagree that the mere paucity of evidence as to the value of plaintiff's services in connection with the extra work performed entitles the defendant to a directed verdict. Plaintiff established the existence of a contract whereby defendant was to pay him for extra work or additional materials required to be undertaken or supplied in building defendant's house. Plaintiff offered plenary evidence of the nature and extent of additional work and services rendered. Defendant accepted the services, but has refused to pay for all the additional work performed. "The law implies a promise to pay for services rendered by one party to another where the recipient knowingly and voluntarily accepts the services and there is no showing that the services were gratuitously given." *Harrell v. W. B. Lloyd Construction Co.,* 41 N.C. App. 593, 595, 255 S.E.2d 280, 281 (1979). *See also Johnson v. Sanders,* 260 N.C. 291, 132 S.E.2d 582 (1963). In such a case, plaintiff is entitled at least to nominal damages. *Bryan Builders Supply v. Midyette,* 274 N.C. 264, 162 S.E.2d 507 (1968); *Gales v. Smith,* 249 N.C. 263, 106 S.E.2d 164 (1958). Thus, the trial court properly denied defendant's motion for a directed verdict. *See Harrell v. W.B. Lloyd Construction Co., supra; Pilot Freight Carriers, Inc. v. David G. Allen Co., Inc.,* 22 N.C. App. 442, 206 S.E.2d 750 (1974), *cert. denied,* 423 U.S. 1055 (1976).

[2] However, error in the charge requires that we reverse the judgment of the District Court and remand the matter for a new trial. It is uncontradicted that the written agreement between these parties failed to address the question of how much the plaintiff would be paid for extra work he performed or

additional services he rendered in the construction of defendant's house. Neither does the evidence support even an inference that the parties ever agreed otherwise as to the amount of compensation plaintiff would receive. Plaintiff's action, then, clearly sounds in *quantum meruit* and is based on the promise to pay which the law implies. The proper measure of plaintiff's recovery in such a case is the reasonable value of the services rendered to and accepted by the defendant. "[W]hen there is no agreement as to the amount of compensation to be paid for services, the person performing them is entitled to recover what they are reasonably worth, based on the time and labor expended, skill, knowledge and experience involved, and other attendant circumstances, . . ." *Turner v. Marsh Furniture Co.,* 217 N.C. 695, 697, 9 S.E.2d 379, 380 (1940). *See also Austin v. Raines,* 45 N.C. App. 709, 264 S.E.2d 121 (1980). *See generally,* 5 A. Corbin, *Contracts* § 1112 (1964); 66 Am. Jur. 2d, *Restitution and Implied Contracts* §§ 24, 28 (1973).

With respect to the issue of damages in the case before us, the judge charged as follows:

A party injured by a breach of contract is entitled to be placed insofar as this can be done by money in the same position he would have occupied if the contract had been performed. The party injured by the breach is entitled to recover for gains prevented as well as losses sustained because of the breach. Now the plaintiff contends of course that he has been damaged in the amount of $2,437.54, *that's the value of his services* and materials that he has indicated that were expended on behalf of the defendant for services requested and materials provided.

. . .

So I finally instruct you on this issue that if you find by the greater weight of the evidence that F.H. Hood has sustained some amount of damages under the rule that I have explained to you, and if you find by the greater weight of the evidence that the damages were reasonably foreseeable at the time the contract was made, then you would answer the issue by writing that amount in the blank space provided. [Our emphasis.]

Hood v. Faulkner

The portion of the charge quoted above constitutes the court's entire instruction regarding the measure of damages recoverable in this case. It obviously is erroneous since at no point did the judge instruct the jury that it must determine from all the evidence adduced the reasonable worth of the additional services rendered by plaintiff and that it could award plaintiff only an amount that represented a reasonable value. Indeed, the charge amounts almost to a peremptory instruction that the jury award plaintiff the total sum shown on his bill. While the plaintiff's bill is some evidence of the value of his services, it is by no means conclusive and, standing alone, is insufficient to support an award for the amount shown. *Harrell v. W.B. Lloyd Construction Co., supra; Pilot Freight Carriers, Inc. v. David G. Allen Co., Inc., supra.* Nor is the plaintiff's opinion that the amount of his bill is reasonable sufficient to sustain an award for such sum. *Austin v. Raines, supra.* The reasonable value of services rendered is an objective measure and "is determined largely by the nature of the work and the customary rate of pay for such work in the community and at the time the work was performed." 66 Am. Jur. 2d, *supra* § 28 at 973. *Accord, Cline v. Cline,* 258 N.C. 295, 128 S.E.2d 401 (1962); *Harrell v. W.B. Lloyd Construction Co., supra.*

In our opinion the plaintiff in this case did not offer sufficient evidence of the reassonable value of the services for which he sought to hold defendant accountable. His testimony that the rates shown on the bill were customary for him, and that he based the total amount on the hourly rate he paid his employees plus ten percent, establishes no more than a formula by which he arrived at a total and a reiteration of his opinion that his bill was reasonable. There is no independent evidence or objective indicia by which to gauge whether the plaintiff's rates were customary and reasonable in the business, in the community, and at the time. For this reason as well as for error in the charge, defendant is entitled to a

New trial.

Judges PARKER and VAUGHN concur.