T. WOOD PAXTON v. O.P.F., INC.

No. 8229SC732

(Filed 20 September 1983)

**1. Quasi Contracts and Restitution § 2— pleading express contract—recovery on quantum meruit basis**

Although plaintiff alleged only an express contract in his complaint, the trial court did not err in permitting plaintiff to recover on the basis of *quantum meruit* where the services for which plaintiff was granted recovery in *quantum meruit* were the same as those alleged in connection with the express contract.

**2. Quasi Contracts and Restitution § 2.1— recovery on quantum meruit basis—sufficiency of evidence**

The evidence was sufficient to support the trial court's findings that plaintiff rendered certain services to defendant corporation in the development of property owned by defendant, that those services were knowingly and voluntarily accepted by defendant, and that they were not gratuitously rendered, and the findings supported the trial court's conclusion that plaintiff was entitled to recover the reasonable value of those services on a *quantum meruit* basis. However, the evidence was insufficient to support the trial court's determination that the reasonable value of plaintiff's services to defendant was $22,500.00 where the only evidence supporting such amount was plaintiff's own estimate, and there was no effort to cast this figure in terms of the type of work done or the number of hours worked or to correlate it to any community or industry standard.

APPEAL by defendant from *Freeman, Judge.* Judgment entered in open court and signed on 17 February 1982 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 13 May 1983.

This is a civil action wherein plaintiff seeks payment for services allegedly rendered under an express contract with defendant.

Plaintiff initiated this action on 26 August 1977 by filing a Complaint which alleged the following: (1) that plaintiff had entered into an agreement with O.P.F. whereby plaintiff was to

supervise certain aspects of the residential subdivision and development of O.P.F.'s property, (2) that plaintiff was to receive as compensation ten percent of the sale price of each parcel in the subdivision, (3) that plaintiff performed his obligations under the agreement, (4) that, upon completion of the work, O.P.F. terminated the agreement and refused to pay plaintiff. Plaintiff prayed the court for a monetary recovery in the amount of $32,150 or, alternatively, ten percent of all sales of property in the subdivision. O.P.F. answered on 27 October 1977, denying all of the material allegations of the Complaint and denying plaintiff's right to any recovery.

After a trial and the presentation of evidence and testimony by both parties, the court entered judgment for plaintiff based on the following pertinent findings of fact (summarized):

(1) From 1972 to 1975, plaintiff supervised various aspects of the development and subdivision of lots within a sixty acre tract of land owned by O.P.F.

(2) That plaintiff's brother was president of O.P.F. during this time and visited the work site approximately once a month.

(3) Plaintiff's brother died in March of 1975 whereupon a Mr. Fernandez became president of O.P.F. and instructed plaintiff to continue his work for the corporation.

(4) Approximately three weeks later, plaintiff's relationship with O.P.F. was terminated by a Mr. Olivares, another principal officer and stockholder in the corporation.

(5) There was no "concrete agreement" between plaintiff and O.P.F. as to compensation. Plaintiff had received certain amounts, totaling approximately $3,387.50, as compensation and commissions from O.P.F.

(6) The reasonable value of plaintiff's services for which he was not compensated was $22,500.

Based on these facts, the court concluded that plaintiff was entitled on a *quantum meruit* basis, to a recovery of $22,500 from defendant as the reasonable value of the services rendered by plaintiff to O.P.F. Judgment was entered accordingly and O.P.F. appealed.

---

---

*Potts and Welch, by Paul B. Welch, III, and Jack H. Potts, for plaintiff appellee.*

*Hudson and Peterson, by John R. Hudson, Jr., for defendant appellant.*

JOHNSON, Judge.

[1] Defendant excepts to and assigns as error the trial court's conclusion that plaintiff was entitled to recovery on a *quantum meruit* basis. Defendant contends that this conclusion is improper in that the theory of *quantum meruit* was neither pleaded by plaintiff nor tried by consent. For the court to base its judgment and award on that theory, defendant contends, was therefore both unfair and contrary to the established law in North Carolina.

Plaintiff alleged an express contract in his Complaint but the award by the court was based on *quantum meruit*, which was not pleaded. *Quantum meruit* is an equitable principle that allows recovery for services based upon an implied contract. *Harrell v. Lloyd Construction Co.*, 41 N.C. App. 593, 255 S.E. 2d 280 (1979). Defendant argues that the correct rule of law is that where a party proves a cause of action that he failed to plead, but fails to prove a cause of action that was pleaded, that it nevertheless amounts to a complete failure of proof, provided the other party makes proper objections and the cause is not tried by consent. That rule is expressed in the two cases cited by defendant, *Martin Flying Service v. Martin*, 233 N.C. 17, 62 S.E. 2d 528 (1950) and *Talley v. Harriss Granite Quarries Co.*, 174 N.C. 445, 93 S.E. 995 (1917). However, in *Martin Flying Service*, the court relied on the qualified exception to that rule, also applicable here: "One may sue on an express contract and recover on an implied contract [citation] unless the allegation is such as to mislead the defendant." 233 N.C. at 20, 62 S.E. 2d at 530. That exception has been relied on by our courts. *See e.g., Yates v. W. F. Mickey Body Co.*, 258 N.C. 16, 128 S.E. 2d 11 (1962); *see generally,* 11 N.C. Index 3d, Quasi Contracts and Restitution, §§ 2, 2.1 (1978 and Supp. 1983). Although the better practice is to plead both the express and implied contracts, recovery in *quantum meruit* will not be denied where a contract may be implied from the proven facts but the express contract alleged is not proved. *Carolina Helicopter Corp. v. Cutter Realty Co.*, 263 N.C. 139, 139 S.E. 2d 362 (1964); *Allen v. Seay*, 248 N.C. 321, 103 S.E. 2d 332 (1958).

Inasmuch as the services for which plaintiff was granted recovery under the implied contract were the same as those alleged in connection with the express contract, we cannot see how defendant was prejudiced by plaintiff's failure to plead the implied contract or by the trial court's award in reliance thereon.

[2] Defendant next contends that there is not sufficient evidence to support findings of fact from which the court could imply the contract necessary to grant recovery under the theory of *quantum meruit.* In order for the law to imply a promise to pay and therefore, a contract, it must appear from the facts that services are rendered by one party to another, that the services were knowingly and voluntarily accepted and that they were not gratuitously rendered. *Johnson v. Sanders,* 260 N.C. 291, 132 S.E. 2d 582 (1963); *Harrell v. Lloyd Construction Co., supra.* Our careful review of the record shows that defendant's contention, insofar as it relates to the sufficiency of the evidence to support the finding of a contract, is meritless. There is ample evidence in the record to show that plaintiff Paxton rendered certain services to defendant O.P.F. and that those services were knowingly and voluntarily accepted by O.P.F. There is no showing that the services were rendered gratuitously. The findings of fact made by the trial court are conclusive on appeal even though there may be competent record evidence to support a contrary finding. *Williams v. Pilot Life Insurance Co.,* 288 N.C. 338, 218 S.E. 2d 368 (1975); *see generally* 1 N.C. Index 3d, Appeal and Error, § 57.2 (1976 and Supp. 1983). The record evidence here supports the facts necessary for the trial court to imply the existence of the contract. The conclusion that plaintiff was entitled to recovery thereon was therefore properly drawn.

Finally, defendant argues that the evidence is not sufficient to prove the reasonable value of plaintiff's services and that the trial court's finding that the value thereof was $22,500 was improper. While the trial court properly concluded that plaintiff was entitled to recovery, defendant's exception as to the amount of that recovery is well taken. In order to recover in *quantum meruit,* a party must prove, in addition to the contract, the reasonable value of his services rendered thereunder. *Hood v. Faulkner,* 47 N.C. App. 611, 267 S.E. 2d 704 (1980); *Harrell v. Lloyd Construction Co., supra.*

The general rule is that when there is no agreement as to the amount of compensation to be paid for services, the person performing them is entitled to recover what they are reasonably worth, based on the time and labor expended, skill, knowledge and experience involved, and other attendant circumstances, rather than on the use to be made of the result or the benefit to the person for whom the services are rendered. [Citations.]

*Turner v. Marsh Furniture Co.*, 217 N.C. 695, 697, 9 S.E. 2d 379, 380 (1940); *Hood v. Faulkner, supra; Harrell v. Lloyd Construction Co., supra.*

The only evidence supporting the awarded amount of $22,500 is plaintiff's own estimate, upon inquiry by the court, of the reasonable value of the services rendered and not paid for. As defendant points out, there was no effort by either plaintiff or the court to cast this figure in terms of the type of work done or the number of hours worked or to correlate it to any community or industry standard. Even though the $22,500 figure may be, in plaintiff's words, "extremely reasonable," especially in view of $32,150 prayed for in the Complaint, the evidence supporting that figure is clearly inadequate. *Turner v. Marsh, supra; Hood v. Faulkner, supra; Harrell v. Lloyd Construction Co., supra; see also Austin v. Raines Enterprises*, 45 N.C. App. 709, 264 S.E. 2d 121 (1980). The trial court's award of that amount was therefore improper.

Plaintiff has established an implied contract and the breach thereof and is therefore entitled to a recovery. *Bryan Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E. 2d 507 (1968); *Johnson v. Sanders, supra; Harrell v. Lloyd Construction Co., supra.* In order to recover more than nominal damages, however, plaintiff must do more than simply allege an amount and its reasonableness.

In summary, we affirm the trial court's holding that plaintiff is entitled to recover on *quantum meruit*, but reverse the trial court's holding as to the reasonable value of plaintiff's services and remand this cause for further proceedings in accordance with this opinion regarding the reasonable value of plaintiff's services.

Affirmed in part, reversed in part and remanded.

Judges HILL and PHILLIPS concur.