ENVIRONMENTAL LANDSCAPE DESIGN SPECIALIST, A PARTNERSHIP COMPRISING OF JACK RUPPLIN AND KEITH WHITFIELD v. JOHN SHIELDS AND CHATTIE SHIELDS

No. 8422DC920

(Filed 18 June 1985)

1. **Quasi Contracts and Restitution § 2.1— quantum meruit recovery for landscape design services**

    Plaintiff's evidence was sufficient to permit it to recover in *quantum meruit* for landscape design work performed for defendants after the trial court granted a directed verdict for defendants on plaintiff's express contract claim.

2. **Quasi Contracts and Restitution § 2.2— recovery in quantum meruit—sufficient evidence of damages**

    Plaintiff's bill based on $30 per hour and evidence that the landscaper who eventually landscaped defendants' property also charged $30 per hour was sufficient to go to the jury on the issue of damages in a *quantum meruit* action to recover for landscape design services.

**3. Damages § 2; Quasi Contracts and Restitution § 2.2— recovery in quantum meruit — award of interest — separate statement of interest and principal**

 Although it was proper for the jury to award interest in a *quantum meruit* action, the jury was required by G.S. 24-5 to distinguish the principal from the amount allowed as interest, and the cause must be remanded for a new trial on the issue of damages where the jury failed to do so.

APPEAL by defendants from *Johnson, Robert W., Judge.* Judgment entered 25 April 1984 in District Court, DAVIE County. Heard in the Court of Appeals 17 April 1985.

This is an action in which plaintiff sought to recover for landscape design services it provided to defendants. At the conclusion of trial, the jury found that plaintiff performed landscape design work for defendants under such circumstances that the defendants should be required to pay for it and that plaintiff was entitled to recover $4,216.80 from the defendants. Defendants appeal.

*David P. Shouvlin, for plaintiff appellee.*

*Henry P. Van Hoy, II, for defendant appellants.*

JOHNSON, Judge.

The first question we address is whether the court erred in denying defendants' motions for a directed verdict and for judgment notwithstanding the verdict. The purpose of a motion for directed verdict is to test the sufficiency of the evidence to go to the jury. *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971). In ruling upon a motion for directed verdict made at the close of all the evidence, the court must consider all of the evidence in the light most favorable to the plaintiff, including evidence elicited from the defendant favorable to the plaintiff. *Tate v. Bryant*, 16 N.C. App. 132, 191 S.E. 2d 433 (1972). The same principles and standards apply to motions for judgment notwithstanding the verdict. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974).

[1] Plaintiff alleged two claims in its complaint: (1) breach of an express contract; and (2) unjust enrichment. At the conclusion of all the evidence, the court granted a directed verdict for defendants on the express contract claim. Although the better practice would have been for plaintiff to plead both express and implied contract, plaintiff could still recover in *quantum meruit* in the absence of proof of an express contract, if a contract could be im-

plied from the evidence. *Paxton v. O. P. F., Inc.,* 64 N.C. App. 130, 306 S.E. 2d 527 (1983). To recover in *quantum meruit,* plaintiff must show: (1) services were rendered to defendants; (2) the services were knowingly and voluntarily accepted; and (3) the services were not given gratuitously. *Johnson v. Sanders,* 260 N.C. 291, 132 S.E. 2d 582 (1963). In short, if plaintiff alleged and proved acceptance of services and the value of those services, it was entitled to go to the jury on *quantum meruit. Carolina Helicopter Corp. v. Cutter Realty Co.,* 263 N.C. 139, 139 S.E. 2d 362 (1964).

Taken in the light most favorable to the plaintiff the evidence tends to show that Mr. Bill Adams, a general contractor, referred Mr. Keith Whitfield, a partner in plaintiff landscape design and landscaping business, to the defendants regarding the possibility of performing landscaping services for defendants. Mr. Whitfield met with defendant Mr. Shields and Mr. Shields requested Whitfield to present designs and ideas to him for landscaping his yard. Whitfield thereupon prepared drawings for various designs and presented these drawings to Mr. Shields, who indicated he liked a design with waterfalls and fountains and directed Whitfield to prepare a finalized design. The next day, Bill Adams contacted plaintiff and told him the deal was off because the Shields thought the plans were too pretentious and offered to pay plaintiff up to $1,500 on behalf of the Shields as settlement. Whitfield then contacted Mr. Shields, who told him to continue with his drawings but to make them less pretentious. Whitfield met with Mr. Shields for a third time, at which time Mr. Shields examined Whitfield's drawings and instructed Whitfield to finalize them. When the Shields would not return his calls, Whitfield discovered another landscape contractor was working on their yard.

Mr. Shields conceded on cross-examination that he requested various drawings and that he understood there would be a charge for design work even if there were no implementation of the designs. There also was evidence that defendants were aware plaintiff was charging by the hour. Whitfield testified that he told defendants he was charging $30.00 per hour. The evidence thus showed that defendants requested and accepted plaintiff's services with knowledge that they were not being performed gratuitously.

[2] Defendants argue there was insufficient evidence of damages because plaintiff's bill, standing alone, was insufficient to show the reasonable value or market value of plaintiff's services. *See Harrell v. Construction Co.*, 41 N.C. App. 593, 255 S.E. 2d 280 (1979), *aff'd*, 300 N.C. 353, 266 S.E. 2d 626 (1980). While a bill for services rendered, standing alone, is insufficient to support an award of damages, it is some evidence of the value of one's services. *Hood v. Faulkner*, 47 N.C. App. 611, 267 S.E. 2d 704 (1980). Moreover, the reasonable value of services rendered is determined largely by the nature of the work and the customary rate of pay for such work in the community and at the time the work was performed. *Id.*; 66 Am. Jur. 2d *Restitution and Implied Contracts* sec. 28 (1973). Besides plaintiff's bill, there was evidence in the present case that the landscaper who eventually landscaped defendants' property also charged $30.00 per hour. We hold this evidence was sufficient to go to the jury on the issue of damages.

[3] Defendants also contend the court erred in refusing to strike the jury's verdict as to damages because the jury apparently included interest in its award; otherwise, there was insufficient evidence to support its award.

G.S. 24-5 provides that "(a)ll sums of money due by contract of any kind . . . shall bear interest, and when a jury shall render a verdict therefor they shall distinguish the principal from the sum allowed as interest. . . ." The trend in North Carolina has been to allow interest in almost all types of cases involving breach of contract, including recoveries on *quantum meruit. Construction Co. v. Crain and Denbo, Inc.*, 256 N.C. 110, 123 S.E. 2d 590 (1962); *Thomas v. Realty Co.*, 195 N.C. 591, 143 S.E. 144 (1928); *Perry v. Norton*, 182 N.C. 585, 109 S.E. 641 (1921). It was therefore not improper for the jury to award interest. When it awarded interest, however, it was required by G.S. 24-5 to distinguish the principal from the amount allowed as interest. In cases of *quantum meruit*, in which there is no express contract, and in which the jury must determine the reasonable value of services, it is especially important for the jury to make this designation. Because we do not know from the jury verdict what the jury determined the reasonable value of plaintiff's services to be, the cause must be remanded for a new trial solely on the issue of damages.

---

Defendants lastly contend that the court erred in excluding evidence that plaintiff had been paid $500 for a similar prior landscaping design job for another customer. Even if the exclusion of this evidence was error, it was harmless as identical evidence was admitted through another witness. *Reeves v. Hill*, 272 N.C. 352, 158 S.E. 2d 529 (1968); *Medford v. Davis*, 62 N.C. App. 308, 302 S.E. 2d 838, *disc. rev. denied*, 309 N.C. 461, 307 S.E. 2d 365 (1983).

New trial on issue of damages.

Judges WHICHARD and EAGLES concur.