KEYES v. JOHNSON

[222 N.C. App. 438 (2012)]

———

SHARON A. KEYES, Plaintiff v. W. GLENN JOHNSON, Guardian of the Estate of Nelson T. Currin, Defendant

No. COA12-81

(Filed 21 August 2012)

**Appeal and Error—preservation of issues—appeal from applicable order**

The trial court correctly granted summary judgment for defendant on a claim by plaintiff for attorney fees after the Clerk of Court removed plaintiff as attorney of record in a guardianship proceeding.

**KEYES v. JOHNSON**

[222 N.C. App. 438 (2012)]

Plaintiff did not appeal the guardianship order and therefore did not challenge its findings, even though it was not interlocutory (a substantial right was affected).

Appeal by Plaintiff from order entered 30 August 2011 by Judge Lucy N. Inman in Harnett County Superior Court. Heard in the Court of Appeals 23 May 2012.

*Sharon A. Keyes, for Plaintiff-Appellant.*

*Narron, O'Hale & Whittington, PA, by James W. Narron and Matthew S. McGonagle, for Defendant-Appellee.*

BEASLEY, Judge.

Sharon A. Keyes (Plaintiff) appeals from an order granting summary judgment in favor of W. Glenn Johnson, Guardian of the Estate of Nelson T. Currin (Defendant). For the following reasons, we affirm.

Plaintiff commenced this action by filing a complaint on 20 January 2011 alleging breach of contract and asking to recover legal fees incurred while she represented Defendant's Ward, Nelson Currin (Nelson). The legal fees Plaintiff seeks to recover stem from Plaintiff's representation of Nelson Currin in his guardianship proceeding in 2009. Plaintiff appeared before the trial court on the matter purporting to represent both Nelson and his wife Coma Lee Currin (Coma Lee). A motion to remove Plaintiff as attorney of record, alleging there was a direct conflict of interest in representing both Nelson and Coma Lee, was filed on 22 September 2009. A hearing on that motion was held on 12 November 2009, and Plaintiff was present at and participated in that hearing. By order filed 17 November 2009, the trial court allowed the motion to remove Plaintiff as attorney of record for Nelson.

Defendant moved for summary judgment on Plaintiff's complaint filed 20 January 2011 and on 15 June 2011. A hearing on Defendant's motion was held on 22 August 2011. On 30 August 2011, the trial court entered an order granting Defendant's motion for summary judgment. On 20 September 2011, Plaintiff filed a notice of appeal to this Court from the 30 August 2011 order.

Plaintiff argues that the trial court erred in granting Defendant's motion for summary judgment. We disagree.

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2011). "A trial court's grant of summary judgment receives *de novo* review on appeal, and evidence is viewed in the light most favorable to the non-moving party." *Sturgill v. Ashe Mem'l Hosp., Inc.*, 186 N.C. App. 624, 626, 652 S.E.2d 302, 304 (2007) (citing *Stafford v. County of Bladen*, 163 N.C. App. 149, 151, 592 S.E.2d 711, 713 (2004)).

Under the doctrine of collateral estoppel, sometimes referred to as "issue preclusion," "the determination of an issue in a prior judicial or administrative proceeding precludes the relitigation of that issue in a later action, provided the party against whom the estoppel is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding." *Whitacre Partnership v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004).

In the guardianship proceeding, and in response to a motion filed by Denise Currin Matthews and Durane Currin to disqualify Plaintiff as Nelson's attorney, the Clerk of Court entered an order on 17 November 2009 which found in part that the waiver of conflict of interest signed by Nelson to allow Plaintiff to represent both Nelson and Coma Lee "does not contain any specifics as to what conflicts either party waives and is ineffective." The Clerk of Court further found and concluded that Plaintiff in this action had an irreconcilable conflict of interest in representing both Nelson and Coma Lee. The order additionally found and concluded that even if the conflict could be waived, Nelson was not capable of making a knowing waiver of the conflict. Plaintiff was present at the hearing on the aforementioned motion and in fact questioned the petitioners' witnesses regarding the motion. Thus, Plaintiff enjoyed a full and fair opportunity to litigate the issue.

Plaintiff failed to appeal the 19 November 2009 order and therefore failed to challenge the findings of fact contained therein. Although Plaintiff contends that she could not appeal the earlier order because it was interlocutory, that argument is without merit. *See Travco Hotels v. Piedmont Natural Gas Co.*, 332 N.C. 288, 293, 420 S.E.2d 426, 429 (1992)(recognizing that an interlocutory order granting a motion to disqualify counsel is immediately appealable because it "has immediate and irreparable consequences for both the disqualified attorney and the individual who hired the attorney"). Plaintiff cannot now ask this Court to find that she is owed payment for services under a contract that the trial court found contained a direct conflict of interest for which the waiver Plaintiff prepared was

ineffective. Accordingly, we affirm the trial court's grant of summary judgment in favor of Defendant.

Affirmed.

Judge HUNTER, Robert C. dissents with separate opinion.

Judge GEER concurs.

HUNTER, Robert C., Judge, dissenting.

While I agree with the majority's conclusion that the doctrine of collateral estoppel would prevent Plaintiff Sharon A. Keyes ("Plaintiff") from asserting she was entitled to relief based on a breach of contract claim, I believe that there is a genuine issue of material fact as to whether Plaintiff could recover the value of her services she provided up until the time the Clerk's order removing her as attorney was finalized under the theory of *quantum meruit.* Therefore, I respectfully dissent.

On 21 August 2009, Plaintiff entered into a contract with Nelson Currin ("Mr. Currin") to represent him during incompetency proceedings. Plaintiff also purportedly represented Mr. Currin's wife, Coma Lee Currin ("Ms. Currin"), which is evidenced by a nondated "Waiver of Conflict" stating that both Mr. and Ms. Currin have "asked [Plaintiff] to represent [the Currins] jointly in connection with the Petition for Adjudication of Incompetence and Appointment of Guardian filed against [Mr. Currin] . . . ." The "Waiver," which was signed by both Mr. and Ms. Currin, asserted that they had each agreed to waive any conflict of interest that may arise out of Plaintiff's representation of them during the incompetency proceedings. Plaintiff made several appearances of record and appealed various actions of the court on behalf of the Currins.

Prior to the incompetency hearing, a hearing was held on 12 November 2009 before the Harnett County Assistant Clerk of Superior Court ("the Clerk") regarding a jurisdictional issue and on a motion to remove Plaintiff and Matthew Vaughn ("Vaughn"), another attorney also purporting to represent the Currins, as the attorneys of record. The motion to remove was filed by several of Mr. Currin's children who were also the petitioners in the incompetency proceedings. Based on the evidence presented at the hearing, the Clerk made the following conclusions of law:

1. That [Plaintiff and Vaughn] have an irreconcilable conflict of interest in representing both [Mr. and Ms. Currin].

2. That even if said conflict could be waived, [Mr. Currin] is not capable of executing a knowing waiver of said conflict.

The Clerk granted the motion to remove Plaintiff.

On 20 January 2011, Plaintiff filed a complaint against Defendant W. Glenn Johnson ("Defendant"), the guardian of Mr. Currin's estate who was appointed by the court at the incompetency hearing, alleging that she was entitled to attorney fees based on the contract she had with Mr. Currin and asserting a breach of contract claim. Defendant filed a motion for summary judgment on 15 June 2011 and argued that: (1) Plaintiff should have known that Mr. Currin was incapable of waiving any conflict of interest, and (2) Plaintiff was precluded from asserting a claim for breach of contract based on the doctrines of collateral estoppel and judicial estoppel. The matter came on for hearing before Special Superior Court Judge Lucy N. Inman on 22 August 2011. On 26 August 2011, the trial court granted Defendant's motion for summary judgment and dismissed Plaintiff's claim against Defendant with prejudice. Plaintiff filed a Notice of Appeal from the trial court's order granting Defendant's motion for summary judgment on 20 September 2011 to this Court.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). "[O]n a motion for summary judgment the burden of proving that there is no genuine issue as to any material fact is on the movant, and if he fails to carry that burden, summary judgment is not proper, whether or not the nonmoving party responds." *Goodman v. Wenco Foods, Inc.*, 333 N.C. 1, 27, 423 S.E.2d 444, 457 (1992). "The party opposing the motion for summary judgment does not have to establish that he would prevail on the issue, but merely that the issue exists." *Gregorino v. Charlotte-Mecklenburg Hosp. Auth.*, 121 N.C. App. 593, 595, 468 S.E.2d 432, 433 (1996).

"[C]ollateral estoppel precludes the subsequent adjudication of a previously determined issue, even if the subsequent action is based on an entirely different claim." *Whiteacre P'ship v. Biosignia, Inc.*,

358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004). As the majority notes, and I agree, based on the doctrine of collateral estoppel, Plaintiff is precluded from now arguing that she is entitled to attorney fees based on a breach of contract claim because the Clerk has already determined that the contract between herself and Mr. Currin is unenforceable due to the their irreconcilable conflict, the ineffective waiver, and his incapacity to contract. In other words, the Clerk has already determined that the contract is unenforceable, and Plaintiff may not now allege a breach of this contract. Thus, if this was Plaintiff's only avenue to recover attorney fees, summary judgment would be proper since the contract between Plaintiff and Mr. Currin is unenforceable due to the irreconcilable conflict, the ineffective waiver, and Mr. Currin's inability to enter into a contract.

However, since the contract is no longer valid, I believe Plaintiff may be entitled to attorney fees under a theory of *quantum meruit.* "*Quantum meruit* is an equitable principle that allows recovery for services based upon an implied contract." *Paxton v. O.C.F., Inc.*, 64 N.C. App. 130, 132, 306 S.E.2d 527, 529 (1983). "To recover in *quantum meruit*, [a] plaintiff must show: (1) services were rendered to defendants; (2) the services were knowingly and voluntarily accepted; and (3) the services were not given gratuitously." *Envtl. Landscape Design Specialists v. Shields*, 75 N.C. App. 304, 306, 330 S.E.2d 627, 628 (1985).

Here, Plaintiff may be entitled to equitable relief under *quantum meruit* because, based on the allegations in her complaint and her testimony at the summary judgment hearing, she knowingly and voluntarily provided services to Mr. Currin based on what she believed was an enforceable contract. Therefore, the record is sufficient to establish a claim for *quantum meruit* and establish that a genuine issue of material fact exists. While "recovery in *quantum meruit* is not, in any event, available when . . . there is an express contract" or "actual agreement[,]" the contract and the agreement in the present case has already been found unenforceable by the Clerk. *Maxwell v. Michael P. Doyle, Inc.*, 164 N.C. App. 319, 328, 595 S.E.2d 759, 765 (2004); *Whitfield v. Gilchrist*, 348 N.C. 39, 42, 497 S.E.2d 412, 415 (1998). Thus, there is no express contract between Plaintiff and Mr. Currin. Furthermore, even though Plaintiff based her complaint on a breach of contract claim and did not specifically plead she was entitled to attorney fees under the theory of *quantum meruit*, the trial court has the authority to award a party the reasonable value of her services under the theory of *quantum meruit. See Paxton*, 64 N.C.

App. at 133-34, 306 S.E.2d at 529-30 (affirming the trial court's holding that the plaintiff was entitled to recover in *quantum meruit* even though plaintiff did not specifically plead it in her complaint but instead alleged the existence of an express contract).

Because Plaintiff's complaint may entitle her to relief under *quantum meruit*, a genuine issue of material fact existed, and I believe the trial court erred in holding Defendant was entitled to judgment as a matter of law. The burden is on the moving party to show that no genuine issue of material fact existed, and I believe Defendant failed to meet this burden since Plaintiff's complaint established a potential claim for *quantum meruit*. Thus, I am persuaded the trial court should have denied Defendant's motion.

A person who is alleged to be incompetent should be able to hire an attorney of his choice to represent him in incompetency proceedings. I believe that the potential for an attorney to be precluded from attempting to collect attorney fees based on that representation once a person is found incompetent and, thus, unable to contract, would have a chilling effect on that process. However, I am persuaded that the equitable relief that may be available to an attorney under the theory of *quantum meruit* would circumvent that effect and prevent other attorneys from finding themselves in the position Plaintiff is now in. My dissent is primarily premised on my belief that those who need representation in incompetency hearings will be unable to find it if our courts hold that the person's ultimate adjudication as incompetent would prevent an attorney from collecting attorney fees.

Despite the fact that collateral estoppel prevents Plaintiff from asserting a breach of contract claim, I believe that Plaintiff's complaint establishes a genuine issue of material fact as to whether she is entitled to equitable relief up until the time the Clerk's order was finalized under the theory of *quantum meruit*. Therefore, I would reverse the trial court's grant of summary judgment.