18932

Gordon K. McCOWAN, Respondent, v. Robbie H. SOUTHERLAND, J. K. Southerland and Howard Sherman Burton, of whom Howard Sherman Burton is, Appellant.

(168 S. E. (2d) 573)

*Messrs. Watkins, Vandiver, Kirven, Long & Gable,* of Anderson, *for Appellant,*

*Messrs. Anderson, Chapman & Kenyon,* of Anderson, *for Respondent,*

June 30, 1969.

LEWIS, Justice.

This appeal involves an action by plaintiff to recover damages sustained when his automobile was struck in the front by an automobile driven by defendant Robbie H. Southerland and immediately thereafter from the rear by a pickup truck driven by defendant Burton. The trial resulted in a verdict for actual damages against all defendants. Only defendant Burton has appealed. The sole question to be decided is whether there was any evidence to sustain a finding of actionable negligence against Burton whose pickup truck struck plaintiff's automobile from the rear.

The collisions in question occurred on December 18, 1967, at approximately 5:20 p. m., near the city limits of Anderson, South Carolina, on South Main Street. The street was a four-lane roadway with double yellow center lines separating two lanes for northbound and two for southbound traffic. Each lane was nine (9) feet in width. It was misting rain at the time and the pavement was wet. The headlights were burning on all vehicles.

Plaintiff and defendant Burton were proceeding north on Main Street, plaintiff in the lead and Burton following. Shortly before the collision, both had stopped for a red traffic signal at an intersection and then continued to proceed north.

When plaintiff reached a point about 500 feet from the intersection, an automobile driven south by defendant Southerland was turned to its left into plaintiff's lane of travel. The two vehicles collided and immediately thereafter the pickup truck operated by defendant Burton ran into the rear end of plaintiff's automobile.

The collision took place in the northbound lane of travel nearest the curb. The Southerland vehicle had therefore come from its side of the road and crossed the inside northbound lane of travel before colliding with the vehicle of plaintiff. Defendant Burton told an officer at the scene that he saw the Southerland car suddenly turn in front of plaintiff and that he did not have time to stop before the impact. The Burton truck hit plaintiff's car with such force that the front seat was broken loose and plaintiff was thrown to the back seat. No brakes were applied by either vehicle.

There was no direct testimony as to the manner of the operation of the Burton truck or the distance maintained by Burton from the plaintiff's automobile. These facts were peculiarly within Burton's knowledge. He did not testify and his unexplained failure to do so raises an inference that his testimony, if it had been submitted, would have been unfavorable to his position. *Crocker v. Weathers,* 240 S. C. 412, 126 S. E. (2d) 335.

It is inferable from the testimony that the Burton truck struck the plaintiff's vehicle from the rear immediately after the latter's collision with the defendant Southerland. The immediacy and force of the blow from the Burton truck, together with the surrounding facts and circumstances, give rise to the reasonable inference that Burton was negligent in following the plaintiff's automobile too closely in violation of Section 46-393 of the 1962 Code of Laws, and without maintaining proper control of his vehicle. *Brave v. Blakely,* 250 S. C. 353, 157 S. E. (2d) 726. The applicable legal principles were thus stated in *Oliver v. Blakeney,* 244 S. C. 565, 137 S. E. (2d) 772:

"The driver of the following vehicle owes a reciprocal duty to keep his vehicle under reasonable control and not to follow too closely. The proper distance to be maintained in all cases between a following vehicle and the one ahead cannot be determined by any mathematical formula. The statutory injunction in this State, Section 46-393, is simply that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the vehicles and traffic conditions at the time. The question of whether due care was exercised is controlled by the circumstances of the particular case and will not be determined by the court as a matter of law if the testimony is conflicting or the inferences to be drawn therefrom are doubtful. *West v. Sowell,* 237 S. C. 641, 118 S. E. (2d) 692."

Section 46-393 was enacted to guard against the dangers from vehicles following too closely on the highways. It is inferable that the present collision resulted from the failure of defendant to observe the foregoing statutory provisions. Since this is true, their nonobservance by the defendant was properly considered a proximate cause of plaintiff's injuries. *Ayers v. Atlantic Greyhound Corp.,* 208 S. C. 267, 37 S. E. (2d) 737; *Zorn v. Crawford,* S. C., 165 S. E. (2d) 640.

The record sustains the finding of actionable negligence against the defendant Burton and the judgment of the lower court is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.