W. ROY WOODARD v. MARY POPE McGEE, ADMINISTRATRIX OF THE
ESTATE OF RICHARD L. McGEE

— AND —

MARY ELLA LITTLE v. MARY POPE McGEE, ADMINISTRATRIX OF THE
ESTATE OF RICHARD L. McGEE

No. 746SC107

(Filed 15 May 1974)

1. **Evidence § 11— conversations with decedent — Dead Man's Statute**

In an action to recover for services allegedly rendered decedent upon the understanding that upon his death he would leave to each plaintiff $6,000 in stock in a company owned by decedent, the trial court properly excluded in accordance with G.S. 8-51 testimony of conversations between the decedent and plaintiffs with respect to what decedent had promised them.

2. **Executors and Administrators § 27— services rendered decedent — evidence of value — no expectation of payment**

The trial court did not err in the exclusion of opinion testimony as to the reasonable value of services allegedly rendered by plaintiffs to decedent where there was no evidence that decedent accepted the services under the assumption that the plaintiffs expected to be paid for the services.

3. **Executors and Administrators § 24— action for services rendered decedent — insufficiency of evidence**

Plaintiffs' evidence was insufficient for the jury in an action to recover for services allegedly rendered to decedent upon the understanding that upon his death he would leave to each plaintiff $6,000 in stock in a company owned by decedent.

APPEAL by plaintiffs from *Rouse, Judge,* 13 August 1973 Session of Superior Court held in HALIFAX County. Argued in the Court of Appeals 17 April 1974.

Plaintiff-appellants had both been employed by McGee Oil Company for several years prior to the death of the owner, Richard McGee, on 16 October 1971. Plaintiff Woodard was employed as a Transport Driver, paid by the load, and made runs from Weldon, North Carolina, Seaboard, North Carolina, and Norfolk, Virginia. Plaintiff Little was employed by McGee Oil Company as a secretary to the company.

Plaintiff Woodard testified that in addition to hauling loads, he worked on trucks and equipment, waited on customers, stayed on holidays and waited on customers, collected payments from customers, delivered barrels of oil, picked up stoves and

well curbing for the company, took part of his vacation to go to Greensboro to purchase a truck for the company, and assisted in the preparation of billing statements and mailing them. All of this testimony was stricken by the trial court on the basis that they were services performed for the company rather than for Richard McGee individually.

Woodard also testified that he performed personal services for McGee such as taking McGee to the hospital and picking him up in Woodard's automobile at Woodard's expense; taking Mrs. McGee to Richmond, Virginia, to visit Mr. McGee while Mr. McGee was hospitalized; and running personal errands for McGee.

Plaintiff Little offered testimony indicating that she performed services outside the scope of her employment such as repairing pumps that were broken, putting acid in batteries and charging them, cleaning the offices and company yard, waiting on customers, painting the office walls, waiting on customers after business hours and disbursing and reconciling checks from McGee's personal checking account.

Both plaintiffs testified they performed the additional services for McGee upon the understanding that, upon McGee's death, he would leave to each plaintiff $6,000.00 in stock in the McGee Oil Company.

At the close of plaintiffs' evidence, defendant in each case moved for a directed verdict under Rule 50 on the grounds that there is insufficient evidence taken in the light most favorable to the plaintiffs to carry the cases to the jury. The trial court allowed the motion in each case.

Plaintiffs appealed to this Court.

*Howard P. Satisky for plaintiff-appellants.*

*Allsbrook, Benton, Knott, Allsbrook & Cranford, by Dwight L. Cranford, for defendant-appellee.*

BROCK, Chief Judge.

[1] Plaintiffs contend by numerous exceptions that the trial court committed error in rulings on the admissibility of evidence concerning conversations between the deceased and the plaintiffs with respect to what the deceased had promised them.

Woodard v. McGee and Little v. McGee

G.S. 8-51, referred to as "The Dead Man's Statute," is applicable to this contention. In this action, both plaintiffs are "interested" parties; both are seeking a pecuniary interest from the estate of McGee. Both plaintiffs sought to testify to a personal transaction with the deceased, in hopes of establishing a claim against the administratrix of McGee's estate. The trial court properly excluded testimony of a personal transaction by either plaintiff with the deceased in accordance with G.S. 8-51. Testimony as to conversations between the deceased and one of the plaintiffs, brought out by the other plaintiff in testifying, was allowed. This assignment of error is overruled.

[2]　Plaintiffs contend the trial court committed error in the exclusion of opinion testimony as to the reasonable value of services rendered by plaintiffs to the deceased.

Both plaintiffs in their pleadings based their complaint upon an express contract with the deceased, and now, in this Court, seek to argue an implied contract. There is no evidence in the record tending to show that the deceased accepted the services under the assumption that·the plaintiffs expected to be paid for these services.

"The burden always rests upon the plaintiff, even when there is no presumption that the services were gratuitous, to show circumstances from which it might be inferred that services were rendered and received with the mutual understanding that they were to be paid for, or, as it is sometimes put, 'under circumstances calculated to put a reasonable person on notice that the services are not gratuitous'." *Johnson v. Sanders,* 260 N.C. 291, 132 S.E. 2d 582.

This assignment of error is overruled.

[3]　Plaintiffs also contend that the trial court committed error in allowing defendant's motion for a directed verdict. "On a motion by a defendant for a directed verdict in a jury case, the court must consider all the evidence in the light most favorable to the plaintiff and may grant the motion only if, *as a matter of law,* the evidence is insufficient to justify a verdict for the plaintiff." *Kelly v. Harvester Company,* 278 N.C. 153, 179 S.E. 2d 396.

In our opinion, the trial court correctly allowed defendant's motion. This assignment of error is overruled.

Affirmed.

Judges PARKER and BALEY concur.