SANDRA KAY WHITAKER GRIFFETH v. EMILY LOFTIN WATTS, AND RALPH COPPALA, LEONARD WILSON COPPALA, d/b/a COCHRAN & ROSS CONSTRUCTION COMPANY

No. 7426SC834

(Filed 15 January 1975)

**Automobiles § 56— rear-end collision — sufficiency of evidence of negligence**

In an action growing out of a rear-end collision in which defendant alleged she was struck from the rear by a third party's truck and knocked into the rear of plaintiff's vehicle, plaintiff's evidence was sufficient for the jury to find that defendant was negligent in following too closely or in failing to keep a proper lookout where it tended to show that plaintiff was stopped at a traffic light with her left turn signal on, plaintiff heard a loud horn, glanced into the rearview mirror and may have seen defendant's car moving forward, defendant's car struck plaintiff's car from the rear with a substantial impact, and plaintiff sustained both personal injuries for which she has been under treatment and property damage in that her car will no longer run properly.

APPEAL by plaintiff from *Falls, Judge,* 10 June 1974 Session of Superior Court held in MECKLENBURG County. Argued before the Court of Appeals 19 November 1974.

This is a civil action to recover damages for personal injuries and property damage sustained when plaintiff's 1961 Dodge was allegedly struck in the rear by defendant Emily Watts' automobile. The collision occurred on Monday morning, 8 May 1972, at the intersection of Park Road and Hillside Avenue in Charlotte. Park Road has two lanes for northbound and two lanes for southbound traffic. It rained on the day of the

accident, but it was not clear whether the road was wet at the time of the collision.

Plaintiff alleges that her injuries were caused by the negligence of defendant Emily Watts or defendant Cochran & Ross Construction Company in "wilfully or recklessly or negligently" driving "a motor vehicle against the rear of Plaintiff's automobile as it was lawfully stopped for a city traffic light" at the intersection of Park Road and Hillside Avenue. Defendant Emily Watts answered, alleging that she had come to a stop behind plaintiff's automobile on Park Road when her car was struck in the rear by a truck owned by defendant Cochran & Ross, knocking her car into plaintiff's automobile. Defendant Emily Watts (hereinafter referred to as defendant) asserts that any negligence on her part is completely insulated by the intervening negligence of defendant Cochran & Ross. Defendant Cochran & Ross apparently filed no answer to the complaint. The record on appeal does not disclose what disposition, if any, has been made of plaintiff's action against defendant Cochran & Ross.

Plaintiff testified at trial that she was stopped in the left lane of traffic, about to turn left onto Hillside Avenue, when defendant's car struck her car in the rear. The traffic light was green, and traffic was heavy. As she waited for an opportunity to turn, plaintiff heard a loud horn and felt the impact of defendant's car. Plaintiff stated that she had been stopped "for quite a while" on Park Road, with her left turn indicator on, before the impact. She could not say definitely whether defendant's car was moving when she heard the loud horn and glanced into the rearview mirror and saw defendant's car. Plaintiff testified that as a result of the collision she sustained injuries which caused her to miss twelve days at her parttime job, where she worked after school. Specifically, plaintiff stated that she suffers from pain, frequent headaches, and stiffness in her shoulders, back, and neck. Plaintiff visited two doctors who examined her but did not prescribe medicine or therapy for her. She then visited, in May 1973, R. Fletcher Keith, a doctor of Chiropractic, and has remained in his care since that time. Plaintiff testified that her 1961 Dodge has been parked since the collision. On cross-examination she admitted driving the car home immediately after the collision and, five minutes later, returning to the scene in the same car. Plaintiff also admitted having told the investigating officer at the collision that she had not been injured.

Ben Gregory, step-father of plaintiff, testified that the frame of the 1961 Dodge had been bent and that the drive line had been shoved forward into the transmission, causing a leak. Two fenders and a bumper were also damaged.

Defendant moved for a directed verdict at the close of plaintiff's evidence, pursuant to Rule 50 of the North Carolina Rules of Civil Procedure, on the ground that plaintiff's evidence failed to disclose either negligence on the part of defendant Watts or damage sustained by plaintiff. The trial judge granted the motion for directed verdict, and plaintiff appealed to this Court.

*Edwards and Yates, by Reginald L. Yates, for plaintiff-appellant.*

*Wade and Carmichael, by J. J. Wade, for defendant-appellee Emily Watts.*

BROCK, Chief Judge.

We believe that the directed verdict was improperly granted. In determining whether a motion for directed verdict should be granted, the test to be applied is whether the evidence, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, affords but one conclusion as to the verdict that reasonable men could have reached. *See generally Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297; Louis, *A Survey of Decisions Under The New North Carolina Rules of Civil Procedure,* 50 N.C. L. Rev. 729 (1972). In applying this test, it is elementary that the trial court must consider all the evidence in the light most favorable to the plaintiff. *Woodard v. McGee* and *Little v. McGee,* 21 N.C. App. 487, 204 S.E. 2d 871; *Dickinson v. Pake,* 284 N.C. 576, 201 S.E. 2d 897. "Whether [this] evidence is sufficient to create an issue of fact for the jury is solely a question of law to be determined by the court." Wright and Miller, Federal Practice and Procedure, § 2524 (1971) ; *see Cutts v. Casey, supra* (concurring opinion).

"Ordinarily the mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed, was following too closely, or failed to keep a proper lookout." *Clark v. Scheld,* 253 N.C. 732, 737, 117 S.E. 2d 838, 842. We have held, however, that this is "by no means an absolute rule to be mechanically applied in every rear-end collision case. Whether in a particular case there be sufficient evi-

Griffeth v. Watts

dence of negligence to carry that issue to the jury must still be determined by all of the unique circumstances of each individual case, the evidence of a rear-end collision being but one of those circumstances." *Racine v. Boege,* 6 N.C. App. 341, 345, 169 S.E. 2d 913, 916.

In the case at bar, the evidence, taken in the light most favorable to plaintiff, tends to show that plaintiff was stopped and had been stopped on Park Road "for quite a while" with her left turn signal on; that traffic was heavy, and she was waiting for an opportunity to turn; that the road may have been wet; that plaintiff heard a loud horn, glanced into the rearview mirror and may have seen defendant's car moving forward; and that the impact was substantial. As a result of the collision, plaintiff's evidence shows that plaintiff sustained both personal injuries for which she has been under treatment and property damage in that her car would no longer run properly. We believe that this evidence at least creates a legitimate inference that defendant may have been negligent in following too closely or in failing to keep a proper lookout. While it is possible that defendant was exercising every care which a reasonable and prudent driver would have exercised under the circumstances confronting her, it appears that under plaintiff's evidence, reasonable and prudent men in the exercise of impartial judgment might reach a different conclusion as to both defendant's negligence and plaintiff's damage. In such a case a directed verdict will not lie. We find plaintiffs' assignment of error to the trial judge's granting of the motion for directed verdict to be meritorious.

Plaintiff has also assigned as error the trial court's failure to allow evidence of damage to the car on the ground that plaintiff failed to allege a separate cause of action for property damage. While we do not deem it necessary to reach the merits of plaintiff's contention in light of the holding above, we note that pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure, plaintiff may yet apply to the trial court for leave to amend her complaint.

New trial.

Judges BRITT and PARKER concur.