0123

G. Bryan CARROLL, Respondent, v. SMITH-HENRY, INC., Appellant.

(313 S. E. (2d) 649)

Court of Appeals

*David B. Ward*, of *Horton, Drawdy, Hagins, Ward & Johnson*, Greenville, *for appellant.*

*J. Kendall Few*, Greenville, *for respondent.*

March 12, 1984.

GOOLSBY, Judge:

This is an action for breach of an employment contract brought by G. Bryan Carroll against Smith-Henry, Inc., for failure to pay severance and vacation wages under its personnel policy. The jury returned a verdict for Carroll in the amount of $2,884.62 from which Smith-Henry appeals.

The principal issue in this case is whether the trial court erred in refusing to charge Smith-Henry's requested instruction. We find that the trial court's failure to give the instruction constituted error requiring us to reverse the jury's verdict and to remand the case for a new trial.

In his complaint, Carroll alleged that he was employed by Smith-Henry from May 1976 to March 17, 1980, when he resigned as Director of Operations for Southern Restauranteurs, Inc., a wholly owned subsidiary of Smith-Henry. All allegations were denied by Smith-Henry except that it admitted Carroll was employed by Southern Restauranteurs.

The testimony at trial revealed that on June 1, 1976, Carroll began work as the chief operating officer of Fire Place And, Inc., a company in which Smith-Henry held fifty percent of the stock. In mid-October 1979, Carroll was sent by Smith-Henry to Peasant Corporation, an unrelated restaurant business in Atlanta, Georgia, to receive training. At Smith-Henry's request, Carroll returned to Greenville in November 1979, to assume the position of Director of Operations for Southern Restauranteurs. Check stubs were presented which showed that Carroll was paid by Fire Place And and Southern Restauranteurs, not Smith-Henry. Carroll admitted that these corporations were separate entities from Smith-Henry. Health insurance and benefits, however, were provided by Smith-Henry.

At the close of the evidence, the trial judge refused to charge the following jury instruction requested by Smith-Henry:

> As a general rule, a parent or holding corporation is not liable on the contracts of its subsidiary. The mere fact of the ownership of a majority of all the stock of its subsidiary does not render the parent corporation liable on the

contracts of the subsidiary. A parent or holding corporation is not rendered liable on contracts of its subsidiary by the further fact that the two corporations have officers and directors in common.

See 19 Am. Jur (2d) *Corporations* § 716 (1965). The trial judge instead charged that "a corporation works through people. . . . [A]nything a corporation does, they [sic] do it through people, who are their [sic] agents and servants."

We recently observed:

In South Carolina, a trial judge must "declare the law" to the jury. See S. C. Const. art. V, § 17 (1895). Instructions. to the jury, however, should be confined to the issues made by the pleadings and supported by the evidence. [Citations omitted.] Where a request to charge is timely made and involves a controlling legal principle, a refusal by the trial judge to charge the request constitutes reversible error. [Citation omitted.]

*Baker v. Weaver*, S. C., 309 S. E. (2d) 770, 771-72 (S. C. App. 1983).

Allegations contained in the complaint and denied in the answer placed before the court the issue of whether Carroll was employed during the relevant period by Smith-Henry or its subsidiary, Southern Restauranteurs. While the pleadings did not expressly present the issue of a parent corporation's liability for its subsidiary, the issue was implicitly suggested by the pleadings and expressly raised by the evidence. *See Baker v. Weaver*, 309 S. E. (2d) at 773 (Cureton, J., concurring).

Stock ownership alone ordinarily does not render a ██ parent corporation liable for the contracts of its subsidiary irrespective of whether the subsidiary is wholly owned or only partially owned [see Annot., 38 A.L.R. (3d) 1102, 1123 (1971) ]; and the fact that a parent and subsidiary share common officers and directors does not by itself impose liability on the parent for the contracts of its subsidiary. Annot., *supra* at 1128; *cf. Gordon v. Hollywood-Beaufort Package Corp.*, 213 S. C. 438, 49 S. E. (2d) 718 (1948). Because the requested instruction related to the issue of a parent corporation's liability for a subsidiary's contract and because there was evidence which showed that Smith-Henry held stock in

Southern Restauranteurs and shared some officers with it, Smith-Henry was prejudiced by the trial judge's failure to give the charge. Without it, the jury might well have concluded that a parent corporation is always liable on its subsidiary's contracts.

Since we have reversed the trial court because of its refusal to charge the requested instruction, we are not required to address the issue regarding damages. Likewise, we need not consider the trial court's failure to direct a verdict in Smith-Henry's favor or to grant the motion by Smith-Henry for judgment *non obstante veridicto.* Counsel for Smith-Henry effectively conceded during oral argument that there was evidence in the record which reasonably supports the inference that Carroll was employed by Smith-Henry.

■    We do note, however, that Carroll has raised an additional sustaining ground which states that Smith-Henry admitted that Carroll was employed by Southern Restauranteurs, a wholly owned subsidiary of Smith-Henry. The mere fact, however, that a person was employed by a subsidiary does not render the parent corporation liable on the employment contract. *See* 19 Am. Jur. (2d) *Corporations* § 716 (1965). The additional sustaining ground, therefore, has no merit.

Accordingly, we reverse the circuit court's judgment and remand the case for a new trial.

Reversed and remanded.

GARDNER and CURETON, JJ., concur.