0195

Joe Louis MOUZON, Appellant, v. MOORE & STEWART, INC., and Ronald Clarke Burgess, Respondents.

(317 S. E. (2d) 756)

Court of Appeals

*J. Edward Bell, III,* and *M. M. Weinberg, Jr.,* of *Weinberg, Brown & McDougall,* Sumter, and *John C. Land, III,* of *Land, Turbeville & Parker,* Manning, *for appellant.*

*Jack W. Erter, Jr.,* of *Lee, Moise & Erter,* Sumter, and *Ralph F. Cothran,* of *Cothran & Cothran,* Manning, *for respondents.*

June 11, 1984.

GOOLSBY, Judge:

The appellant Joe Louis Mouzon brought this action to recover damages for personal injuries he received on his bicycle in a collision with an automobile driven by Ronald Burgess who was in the course of his employment with Moore & Stewart, Inc. (Moore). The basic issue raised by this appeal is whether the trial court erred in failing to charge the jury the law of "following too closely." We reverse and remand for a new trial.

Mouzon's counsel requested as an additional instruction that the trial court charge the jury the "following too closely" statute.[1] The trial court refused the request on the ground that there was no testimony to the effect that Burgess was following Mouzon in violation of Section 56-5-1930(a). After the jury returned a verdict in favor of Burgess and Moore, Mouzon moved for a judgment *non obstante veredicto* and a new trial based on the failure of the court to give the requested additional instruction.

Jury instructions should be confined to the issues raised by the pleadings and supported by the evidence. *Tucker v. Reynolds,* 268 S. C. 330, 233 S. E. (2d) 402 (1977); *Baker v. Weaver,* 279 S. C. 479, 309 S. E. (2d) 770 (S. C. App. 1983). Where an issue is implicitly suggested by the pleadings and is supported by the evidence, the trial court is obligated to instruct the jury concerning it. *Carroll v. Smith-Henry, Inc.,* 313 S. E. (2d) 649 (S. C. App. 1984); *Baker v. Weaver, supra.* 309 S. E. (2d) at 773 (Cureton, J., concurring).

While the pleadings in this instance do not expressly raise the issue of "following too closely," they im-

---

[1] "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and traffic upon the condition of the highway." S. C. Code of Laws § 56-5-1930(a) (Cum. Supp. 1983).

plicitly do so. Mouzon alleged in his complaint, among other things, that Burgess failed to take the necessary precautions for Mouzon's safety, that Burgess failed to properly adjust his speed and slow down when he approached Mouzon, and that Burgess "suddenly and without warning crashed violently into the rear of [Mouzon's] bicycle." These allegations, we think, impliedly suggest that Burgess followed Mouzon too closely; thus, the trial court was obligated to instruct the jury concerning Section 56-5-1930(a) if there was evidence from which the jury could reasonably infer that Burgess violated that statute.

According to Mouzon's testimony, he was riding his bicycle in an easterly direction on Highway 521 on the far right portion of the pavement between the solid white line of the highway and the dirt shoulder when his bicycle was struck from behind by Burgess' car without any prior warning. He further testified that the impact caused him to be thrown from the bicycle into the air and that he saw Burgess' car run onto the dirt shoulder as he fell. Photographs in evidence show a bent rear wheel. Burgess testified that he saw Mouzon riding his bicycle ahead of him on the right-hand side of the highway inside the white line and that he attempted to pass Mouzon. We believe this evidence reasonably supports the inference that Burgess followed Mouzon too closely in violation of Section 56-5-1930(a). *See Daniels v. Bernard,* 270 S. C. 51, 240 S. E. (2d) 518 (1978) (plaintiff struck in rear and eyewitness testimony that defendant was trailing and gaining on plaintiff); 12 Blashfield, AUTOMOBILE LAW AND PRACTICE § 439.4 at 324 (Rev. 3d ed. 1977), *Clontz v. Krimminger,* 253 N. C. 252, 116 S. E. (2d) 804 (1960), and *Griffeth v. Watts,* 24 N. C. App. 440, 210 S. E. (2d) 902 (1975) (mere fact following vehicle collided with vehicle ahead furnishes some evidence that driver of following vehicle was following too closely); *cf. Jarvis v. Green,* 257 S. C. 558, 186 S. E. (2d) 765 (1972) (rear end collision and testimony that defendant followed plaintiff half a car length behind); *McCowan v. Southerland,* 253 S. C. 9, 168 S. E. (2d) 573 (1969) (rear end collision, misty rain, and immediacy and force of blow broke front seat throwing plaintiff to back seat). The trial court's refusal to charge the requested additional instruction, then, constituted error and requires a new trial.

Reversed and remanded.

GARDNER and CURETON, JJ., concur.