1605

Joseph E. KERR, Respondent v. CAROLINA BANK
& TRUST COMPANY, Appellant.

(402 S.E. (2d) 185)

Court of Appeals

*David W. Keller, Jr.* and *S. Porter Stewart, II,* both of *Mc-*

*Gowan, Keller, Eaton, Brodie & Stewart,* Florence, and *David M. Beasley,* Hartsville, *for appellant.*

*Eugene A. Fallon, Jr.,* of *Fallon & Odom,* Florence, *for respondent.*

Heard Dec. 10, 1990.

Decided Feb. 11, 1991.

SHAW, Judge:

Joseph E. Kerr sued Carolina Bank & Trust Company for breach of the duty of confidentiality which resulted from negligence, gross negligence, recklessness, willfulness and wantonness. A jury awarded Kerr $50,000 actual damages and $20,000 punitive damages. We reverse and remand.

The issues we are asked to consider are whether the trial judge erred in refusing to grant a directed verdict or judgment notwithstanding the verdict, whether the trial judge erred in refusing to charge the law on agency as requested by the Bank, and, whether the trial judge erred in refusing to grant a new trial or new trial nisi.

Kerr was employed at Consolidated Freightways, Inc. as terminal manager. He had been working there since 1969 and earned about $50,000 per year. As a means of retaining his employment, Kerr was required to complete a conflicts of interest questionnaire each year. The questionnaire specifically asked whether he owned any part of a business which might be in competition with Consolidated. Kerr answered in the negative, but, in fact, since 1982 he had been part owner of D&S Trucking and since 1984 he was the sole owner of K&K Trucking. It is clear from 1982 until 1986, he was engaged in a deceptive scheme to promote his own financial benefit in conflict with his employer, Consolidated.

Kerr had a personal checking account at the Bank. One of his companies, K&K, also had an account there. A part of Kerr's duties, as terminal manager for Consolidated, was to collect money and take it to the Bank and have cashier's checks drawn on the Bank made payable to Consolidated's home office. This was a weekly occurrence.

On several occasions, the cashier's checks or money orders Kerr forwarded to Consolidated's home office were purchased

with Kerr's own funds, either out of his personal account or his K&K account. These funds were for the purchase of used Consolidated equipment. Because he had answered the questionnaire showing he had no competing business interests, however, Kerr could not show himself as the remitter.

In 1986, Consolidated investigated the Florence operation. It requested the Bank to furnish certain documents that would enable it to determine the source of the funds with which some of the cashier's checks and money orders were purchased. The Bank ultimately complied, providing Consolidated with copies of canceled checks drawn on the K&K account and on Kerr's personal account. These checks alerted Consolidated to the existence of Kerr's conflict of interest.

Kerr claims that if the Bank had not revealed this information, he would not have been fired.

The Bank claims it breached no duty owed to Kerr because Kerr was, at all times, acting as an agent for Consolidated, and that it was discovery of his untruthfulness about his conflict of interest, not the Bank's disclosure, which caused his termination.

At the appropriate time during the trial, both sides submitted requests for charging the jury. The trial judge made a generalized charge on the law of Agency and refused to charge specific areas of agency law that relate to the particular facts of this case as requested by the Bank.

1-4  The following are some of the charges requested:

> An agent is subject to the duty to keep records and render to his principal an account of all transactions within the scope of the agency as to which a fiduciary duty, in addition to the bare relationship of principal and agent, exists. 3 Am. Jur. (2d) *Agency*, Section 212.

> It is not necessary for the principal to establish any misappropriation by his agent to entitle him to an accounting. The duty to account involves also the right of the principal to assure himself that the accounts are proper and correct, and measures taken in good faith by the principal to secure a proper accounting and to assure himself of its propriety are therefore not in violation of the contract, although they may not be within its express terms. 3 Am. Jur. (2d) *Agency*, Section 212.

An agent who wishes to deal with the principal on his own account must disclose that fact to his principal, as well as all other facts which are likely to have a bearing upon the desirability of the transaction from the principal's viewpoint. In other words, an agent in dealing with the principal on his own account owes it to the principal not only to make no misstatements concerning the subject matter of the transaction, but also to disclose to him fully and completely all material facts known to the agent which might affect the principal. 3 Am. Jur. (2d) *Agency*, Section 229.

An agent who engages in a business which might conflict with his principal's interests has a duty to exercise good faith by disclosing to the principal all the facts regarding the matter. 3 Am. Jur. (2d) *Agency*, Section 230.

While there were other charges requested by the Bank, we find the above to be applicable to the facts of this case.

The existence of an agency relationship is a question of fact for the jury to decide. *Gathers v. Harris Teeter Supermarket, Inc.*, 282 S.C. 220, 317 S.E. (2d) 748 (Ct. App. 1984). While the trial judge charged a limited instruction on the law of Agency, the facts of this case mandate a more comprehensive charge which would enable the jury to consider whether Kerr was acting in his capacity as an agent for Consolidated and, if he was, his obligations as an agent and own role in bringing about his termination. If Kerr was Consolidated's agent, it had a right to know the source of the funds with which the cashier's checks and money orders were purchased and Kerr was under a duty to disclose this information. Thus, the Bank's disclosure could not have been the legal cause of Kerr's damage. We therefore hold that, under the circumstances, the trial judge's instruction on the law of Agency was incomplete and he should have charged the jury on all issues raised by the pleadings and supported by some evidence, including the requested charges quoted above. *Mouzon v. Moore & Stewart, Inc.*, 282 S.C. 233, 317 S.E. (2d) 756 (Ct. App. 1984) (trial court is obligated to instruct jury upon issues raised by pleadings and supported by evidence).

In view of our holding in this case, we do not address the other issues.

We reverse and remand for a new trial.

BELL and CURETON, JJ., concur.