2170

Richard WILLIAMS, Jr., and Trellis Powell, of whom Trellis Powell is Appellant v. Columbus ADDISON, Jr., and Mary Addison, of whom Columbus Addison is Respondent.

(443 S.E. (2d) 582)

Court of Appeals

*John W. Carrigg, Jr.,* of *Harris & Graves,* Columbia, *for appellant.*

*Roger T. McGill,* of *Coleman, Aiken & Chase,* Florence, *for respondent.*

Heard March 9, 1994.

Decided April 18, 1994.

CURETON, Judge:

Trellis Powell sued Columbus Addison and his wife, Mary

Addison, for damages for injuries Powell received as a passenger in an automobile driven by Columbus and owned by Mary. Powell's complaint states he was "a passenger for hire in a vehicle operated by [Columbus], owned by [Mary] . . . when [Columbus] lost control of the vehicle . . ." injuring him. The Addisons claimed "sudden emergency" and unavoidable accident due to sudden brake failure. Powell dismissed his claims against Mary. The trial judge refused to allow Powell to amend his complaint to assert a claim against Columbus based on common carrier liability. The jury found for Columbus and Powell appeals. We affirm.

In addition to Powell and Addison, three other persons were in the he car at the time of the accident: Charles Davis, Joseph Johnson, and Richard Williams. All of these men worked for Wellman, Inc., seven days per week and rode together to work. Columbus and Davis alternated weeks driving. Powell, Johnson and Williams each paid the driver $18 per week for transporting them to work.[1] Columbus testified that the men rode together in a car pool arrangement and he lost control of the vehicle as he approached a turn and crashed into a ditch. Powell was injured in the wreck.

At the close of his case, Powell moved for a directed verdict on the issues of liability and negligence. Powell argued that both Mary and Columbus were presumptively negligent on the basis of the law of common carrier. At that time Columbus' attorney announced that if it should be determined that the Addisons were liable as common carriers, then their insurance contract would not provide coverage for the accident and he would have to defend under a reservation of rights.

After much discussion between Powell's co-counsels, it was announced to the court that Powell would not pursue his claim based on carrier liability. Both the judge and the Addisons' attorney understood this stipulation to apply to both Columbus and Mary. Apparently without Powell's counsel being present, the trial judge returned to the courtroom and placed on the record that "[P]laintiffs were not pursuing any claim under the theory of common carrier." Mary was dismissed as a party at that time.

---

[1] Although the record does not reflect it, during oral argument before this court, we learned that Columbus transported Powell a distance of between 40 and 50 miles per day. At $18.00 per week, that amounts to only $2.57 per day.

The next day Columbus presented his case and testified that his brakes failed and that he had no reason to know that his brakes were defective. He did not address the issue of carrier liability because he thought it was no longer a viable issue in the case. There is an abundance of evidence in the record to support his brake-failure claim. However, there was also evidence Columbus was exceeding the speed limit as he approached the turn, and that Columbus had never had the brakes checked or any other maintenance done to the vehicle for 18 months to two years prior to the accident. At the close of Columbus' evidence, Powell moved for a directed verdict on the ground that Columbus failed to rebut the presumption of negligence under the law of common carrier liability.[2]

The trial judge denied the motion stating Powell had agreed to abandon the common carrier theory. After extensive discussions, the judge acknowledged he may have been mistaken as to the intent of Powell's agreement to dismiss Mary from the case. The judge stated he related the common carrier cause of action to Mary and reasoned that when he dismissed her, he dismissed the common carrier theory as well. The judge reviewed the complaint and noted that the gravamen of Powell's complaint was that Mary was the owner of the vehicle and Columbus was her agent in operating it. Thus, if a common carrier cause of action was alleged, he reasoned it related to Mary.

Powell then moved to amend his pleadings to conform to the proof to include a common carrier cause of action against Columbus. The judge denied the motion, stating the defendants were not prepared to address the issue in regards to Columbus because they assumed, as he had, that the common carrier theory was removed from the case when Mary was dismissed as a party. The judge also refused Powell's request to charge the jury on the law of common carrier. The jury found for Columbus. Powell made post-verdict motions which the judge also denied. This appeal followed.

Powell argues the trial judge erred in denying his motion to amend his complaint to conform to the proof. He claims he

---

[2] Powell cites the case of *Horne v. Southern Ry. Co.*, 186 S.C. 525, 197 S.E. 31 (1938) for the proposition that there is a rebuttable presumption of negligence by a carrier from the mere fact that a passenger has been injured by an instrumentality of the carrier.

should have been permitted to amend his complaint to allege a common carrier claim against Columbus because Columbus impliedly consented to try the common carrier issue and would not be prejudiced by an amendment. We disagree.

Where issues are not raised by the pleadings but are tried by consent, amendments to the pleadings are desirable because they bring the pleadings in line with the issues actually developed at the trial. *Sunvillas Homeowners Ass'n v. Square D. Co.*, 301 S.C. 330, 391 S.E. (2d) 868 (Ct. App. 1990). Amendments to conform to the proof should be liberally allowed when no prejudice to the opposing party will result. *Soil & Material Engineers, Inc. v. Folly Associates*, 293 S.C. 498, 361 S.E. (2d) 779 (Ct. App. 1987). The decision to permit an amendment is within the trial court's discretion. *Id.* Nevertheless, this Court will not find implied consent to try an issue if all of the parties did not recognize it as an issue during trial, even though there is evidence in the record—introduced as relevant to some other issue—which would support the amendment. *See Sunvillas, supra.* This is so because the opposing party may not be conscious of the relevance of the evidence to issues not raised by the pleadings if the relevance is not otherwise made clear. *Id.*

Powell essentially claims the requirement he pay Columbus $18.0 per week as a prerequisite to ride to work constitutes sufficient evidence to present a jury issue of whether Columbus operated the vehicle as a common carrier. Likewise, he claims such testimony is proof Columbus implicitly agreed to try the common carrier issue by consent. In his complaint, Powell alleges Columbus was operating the vehicle as agent and servant of Mary and he was "a passenger for hire." He did not specifically allege "common carrier" liability or plead the common carrier statute. Assuming Powell alleges a "common carrier" claim against Mary, any evidence to establish a "common carrier" relationship would have been relevant to that claim. In fact, the record reflects that the Addi-sons' attorney was not fully aware of the fact that Powell was claiming carrier liability against either of the Addisons until after Powell rested his case. Under these circumstances, there was no implied consent to try the issue of Columbus' liability as a "common carrier." Accordingly, we find no abuse of discretion in denying the motion to amend. Moreover, we

agree with the trial judge that the amendment would have prejudiced Columbus because he had not addressed that issue in presenting his evidence because he thought the issue was no longer viable.

Furthermore, we disagree with Powell's assertion that the circumstances involved in this case implicated the Motor Vehicle Carrier Statute, S.C. Code Ann. § 58-23-10, *et seq.* (1976 & Supp. 1993). Section 58-23-10 provides, in pertinent part:

As used in Articles 1 to 11 of this chapter:

. . . .

(4) The term *"motor vehicle carrier"* means every corporation or person, their lessees, trustees or receivers, owning, controlling, operating or managing any motor propelled vehicle, not usually operated on or over rails, *used in the business of transporting persons or property for compensation* over any improved public highway in this State;

. . . .

(7) The term "rideshare" means an arrangement for the transportation of not more than fifteen persons on a non-profit basis utilizing a motor vehicle of which operating costs and a reasonable depreciation cost for such vehicle are paid principally by those people utilizing such arrangement.

(Emphasis added). There is no evidence that Columbus used Mary's vehicle "in the business of transporting persons or property for compensation."[3] *See Parsons v. Uniroyal-Goodrich Tire Corp.,* — S.C. —, 438 S.E. (2d) 238 (1993) (in construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation). We con-

---

[3] As stated in 5 S.C. Juris. *Carrier* § 3 at 105-106 (1991):

A common carrier is an entity or individual that undertakes, for compensation, to carry passengers or property of the general public from place to place. The basic test of a common carrier is whether the carrier offers to carry all alike for hire. In other words, if the undertaking is optional for the carrier, then the carrier is not a common carrier.

*Accord,* 13 Am. Jur. (2d) *Carrier* § 2 (1964).

clude the evidence in this record demonstrates the arrangement was nothing more than a "rideshare," so that Section 58-23-10(4) does not apply. *See* S.C. Code Ann. § 58-23-50 (Supp. 1993) ("Nothing in Articles 1 to 11 of this chapter applies to ... vehicles used in ridesharing").

Powell also argues the trial judge erred in refusing his request to charge the jury on "common carrier." We disagree. Ordinarily, a trial court has the duty to give a requested instruction that correctly states the law applicable to the issues and the evidence. *See Mouzon v. Moore & Stewart, Inc.,* 282 S.C. 233, 317 S.E. (2d) 756 (Ct. App. 1984). To warrant reversal for refusal to give a requested instruction, the refusal must have been erroneous and prejudicial. *Id.* Because we find the theory of "common carrier" inapplicable to this case, we find no error.

Accordingly, the judgment is

Affirmed.

HOWELL, C.J., and SHAW, J., concur.