# IN THE COURT OF APPEALS OF IOWA

No. 14-2066
Filed October 28, 2015

**DANIEL JOHN GRIGGS,**
Plaintiff-Appellant,

**vs.**

**NANCY J. SCHRAMM,**
Defendant-Appellee.

_____

Appeal from the Iowa District Court for Sac County, William C. Ostlund, Judge.

Appeal from the district court's denial of plaintiff's motion for new trial. **AFFIRMED.**

Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellant.

Michael P. Jacobs of Rawlings, Ellwanger, Jacobs, Mohrhauser & Nelson, L.L.P., Sioux City, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

Daniel Griggs filed suit against Nancy Schramm, alleging she negligently operated her motor vehicle, her negligence resulted in a rear-end collision between her vehicle and Griggs's vehicle, and he sustained life-altering injuries, requiring spinal fusion, as a result. Schramm denied she negligently operated her motor vehicle and denied causation of any injury. The jury returned a verdict in favor of Schramm. Griggs moved for new trial, contending the verdict was not supported by substantial evidence. *See* Iowa R. Civ. P. 1.1004(6). The district court denied the motion for new trial.

I.

Review of a district court's ruling on a motion for new trial depends on the grounds raised in the motion. *See Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 859 (Iowa 2001). Review of a motion for new trial based on a claim the verdict is not supported by substantial evidence is for correction of errors of law. *See Estate of Hagedorn ex rel. Hagedorn v. Peterson*, 690 N.W.2d 84, 87 (Iowa 2004). We view the evidence in the light most favorable to the verdict, taking into consideration all reasonable inferences the jury may have made. *See City of Cedar Falls v. Cedar Falls Cmty. Sch. Dist.*, 617 N.W.2d 11, 16 (Iowa 2000). "Evidence is substantial when reasonable minds would accept the evidence as adequate to reach the same findings." *Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012).

II.

"Generally questions of negligence, contributory negligence, and proximate cause are for the jury; it is only in exceptional cases that they may be decided as matters of law." Iowa R. App. P. 6.904(3)(j). Even in rear-end-vehicle-collision cases, the question of negligence generally is for the jury. *See Olofson v. Kilgallon*, 291 N.E.2d 600, 602 (Mass. 1973) ("The mere happening of an accident does not establish negligence on the part of the defendant, even in a case where the defendant's vehicle strikes the plaintiff's vehicle in the rear."); *Griffeth v. Watts*, 210 S.E.2d 902, 904 (N.C. Ct. App. 1975) ("Whether in a particular case there be sufficient evidence of negligence to carry that issue to the jury must still be determined by all of the unique circumstances of each individual case, the evidence of a rear-end collision being but one of those circumstances."); *Cirquitella v. C. C. Callaghan, Inc.*, 200 A. 588, 589 (Pa. 1938) (stating "the mere happening of a rear-end collision (does not) constitute negligence as a matter of law on the part of the operator of the rear automobile. The occurrence of such a collision does not raise a presumption that the driver of either vehicle was negligent. It is a question of fact . . . to be determined from all the evidence of the case."); *DeLeon v. Pickens*, 933 S.W.2d 286, 289 (Tex. Ct. App. 1996) ("The mere occurrence of a rear-end collision will not present evidence of negligence as a matter of law. The question of whether an automobile being struck from the rear raises an issue of negligence or establishes it as a matter of law depends on all the facts and circumstances of

the particular case."). Griggs did not move for directed verdict, and the question of negligence properly was submitted to the jury.

The evidence showed Schramm's vehicle collided with the rear of Griggs's vehicle after Griggs stopped at a controlled intersection. Schramm applied her brakes prior to the collision. Nonetheless, the front license plate of her vehicle contacted the trailer hitch on the rear of Griggs's vehicle. A detective happened on the scene, investigated the accident, and issued Schramm a citation for failure to keep an assured distance. Griggs drove himself from the accident to the hospital, presenting with back pain. Eventually, at a much later date, Griggs underwent surgery to address injuries he claimed he sustained in the accident with Schramm.

As relevant here, the case was submitted to the jury with the following instructions and special verdict form. Instruction No. 11 defined "fault" to "mean[] one or more acts or omissions towards another which constitutes negligence." Instruction No. 12 defined "negligence" to mean the "failure to use ordinary care. Ordinary care is the care which a reasonably careful person would use under similar circumstances." The marshaling instruction provided as follows:

> The plaintiff must prove all of the following propositions:
> 1. The defendant was negligent in driving a vehicle at a speed greater than would permit her to stop within the assured clear distance ahead.
> 2. The negligence was a cause of damage to the plaintiff.
> 3. The amount of damage.
> If the plaintiff has failed to prove any of these propositions, the plaintiff is not entitled to damages. If the plaintiff has proved all of these propositions, the plaintiff is entitled to damages in some amount.

Question number 1 of the special verdict form asked, "Was defendant at fault?" The jury answered in the negative and did not answer any other questions regarding causation and damages.

Griggs contends the jury's finding Schramm was not at fault is not supported by substantial evidence. More specifically, Griggs contends the jury could not have exonerated Schramm's negligence because the undisputed evidence showed Schramm collided with the rear of his vehicle while he was properly stopped at a controlled intersection. Griggs's argument sweeps too broadly. To determine whether the verdict is supported by substantial evidence, in the absence of any challenge to the jury instructions, we review the evidence in light of the instructions given. *See Pavone v. Kirke*, 801 N.W.2d 477, 489 (Iowa 2011) (stating "right or wrong, the instructions become the law of the case" when the party fails "to raise on appeal any error in the instructions given to the jury"). Griggs did not and does not challenge the instruction. The jury was instructed on a single specification of negligence: whether the defendant was negligent in driving a vehicle at a speed greater than would permit her to stop within the assured clear distance ahead. The single specification of negligence narrows the question before us. *See Diehl v. Diehl*, 421 N.W.2d 884, 887 (Iowa 1988) ("The purpose of requiring the jury to consider specifications of negligence is to limit the determination of the facts or questions arising in negligence claims to only those acts or omissions upon which a particular claim is in fact based."). Based on the instruction given, the limited question before us is whether there

was substantial evidence supporting the jury's finding Schramm was not driving at a negligent rate of speed.

When the evidence is viewed in the light most favorable to the verdict, we have no difficulty concluding the verdict is supported by substantial evidence. Speed may be proved by circumstantial evidence. *See Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 649 (Iowa 1969). Below are two exhibits showing the damage, if any, to the two vehicles after the accident. The first exhibit is the front of the defendant's vehicle, and the second exhibit is the back of the plaintiff's vehicle.





As shown above, the only damage to Schramm's vehicle is a crease in the license plate from contact with the trailer hitch of Griggs's vehicle. The only damage, if any, to Griggs's vehicle are the marks on the bumper. From the minimal damage to the vehicles, the jury could infer a low-impact collision not attributable to negligent speed.

The physical evidence was supported by witness testimony. Schramm testified she approached the intersection at a normal rate of speed, slowing to approximately five miles per hour or less. Accident reconstructionist David Sone testified the license plate of Schramm's vehicle came into contact with the trailer hitch on Griggs's vehicle. Sone testified, relying on his assessment of the damage to the two vehicles and data assembled by the Insurance Institute for Highway Safety as well as the National Highway Traffic Safety Administration, Schramm was traveling less than six miles per hour at impact and probably only one to two miles per hour at impact.

In addition to the physical evidence and testimony showing Schramm was driving at a slow speed at the time of impact, there was no evidence, other than the minor tap itself, "upon which the jury could find defendant drove in excess of a speed which was reasonable and proper under the conditions then existing." *Plummer v. Loonan*, 189 N.W.2d 617, 619 (Iowa 1971). For example, there were no skid marks or other evidence from which it could be inferred Schramm was traveling at a high rate of speed and suddenly decelerated. There was evidence, however, from which the jury could have inferred the collision was caused by something other than negligent speed. There was ambiguous evidence on whether Griggs's truck had functioning tail lights. Schramm was asked "Did you ever see any brake lights illuminate on the back of his Blazer?" She replied, "No. I never saw any light, any brake lights." There was some testimony establishing that Schramm may have been distracted from the road in front of her at the time of the collision because she looked over at several semi-tractors in a parking lot to her right. The inference that Schramm may have been distracted by the semis is supported by her statement she did not see Griggs's brake lights illuminate and she did not see Griggs's vehicle *come to a stop*. Instead, she testified she was behind Griggs's vehicle and then saw Griggs's vehicle *was stopped*, i.e., she may have been looking away from the road in front of her and at the semis to her right at the time Griggs applied his brakes and came to a stop.

"Ordinarily the mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed, was following too closely, or failed to keep a proper lookout." *Griffeth*, 210 S.E.2d at 904. However, this case was not submitted to the jury with a general negligence instruction. Nor was this case submitted to the jury with multiple specifications of negligence. Instead, the case was submitted with a single specification of negligence regarding speed. The jury reasonably could have inferred from the evidence Schramm was driving at a reasonable rate of speed but nonetheless collided with Griggs for some other reason—perhaps negligent in some respect falling outside the instruction given or perhaps not negligent at all. *See Schmitt*, 170 N.W.2d at 649 (explaining that driving a vehicle into another in plain sight could be evidence of "improper lookout, lack of control (and) speed and undoubtedly other specific acts of negligence"); *Schneider v. Swaney Motor Car Co.*, 136 N.W.2d 338, 343 (Iowa 1965) (stating "the happening of the injury permits but does not compel an inference that defendant was negligent"); *see also Campbell v. Ingram*, 636 S.E.2d 847, 853 (N.C. Ct. App. 2006) (explaining the "the mere fact of a collision with a vehicle ahead furnishes some evidence" of different specifications of negligence, including speeding, following too closely, or failing to keep a proper lookout); *Jordan v. Sava, Inc.*, 222 S.W.3d 840, 850 (Tex. Ct. App. 2007) (explaining the mere fact of rear-end collision does not establish negligence, which may depend on speed, distance, and control of the vehicle). We thus conclude there is substantial evidence in support of the verdict.

III.

For the foregoing reasons, we conclude the district court did not err in denying the plaintiff's motion for new trial. The judgment of the district court is affirmed.

**AFFIRMED.**